**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0176, <u>David Nemetz v. Town of Sanbornton</u>, the court on March 13, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, David Nemetz, appeals the Superior Court's (<u>O'Neill</u>, J.) grant of summary judgment in favor of the respondent, the Town of Sanbornton, on his petition to cancel a tax deed, set aside a tax lien, and seek injunctive relief and damages. The trial court concluded that, as a matter of law, the respondent satisfied the notice requirements under RSA 80:77 (2012) because the summary judgment record, construed most favorably to the petitioner, established that: (1) actual receipt of a letter in January, informing the petitioner that a tax deed would issue for unpaid taxes, cured the technical defect of the notice — the statutorily required manner of delivery; (2) a subsequent "unclaimed" letter was of no consequence; and (3) there had been no due process violation. On appeal, the petitioner argues that the trial court erred by not finding that: (1) actual receipt of the January letter sent by first class mail failed to satisfy the statutory requirement that notice must be sent by certified mail, return receipt requested; (2) a subsequent "unclaimed" letter did not provide adequate notice; and (3) due process required the respondent to take further reasonable steps because both notices were deficient. We affirm.

As the appealing party, the appellant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the appealing party's challenges to it, and the record submitted on appeal, we conclude that the appealing party has not demonstrated reversible error. <u>See id</u>.

<u>Affirmed</u>.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**