# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0369, <u>Creative Transportation Service v. Paul E. Vrusho d/b/a Granite State Nursery & Evergreen</u>, the court on March 13, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Paul E. Vrusho doing business as Granite State Nursery & Evergreen, appeals an order of the Superior Court (<u>McHugh</u>, J.), dated March 26, 2014, granting a motion by the plaintiff, Creative Transportation Service, Inc., to award attorney's fees of $24,510.00 and costs of $1,370.00. We note that the trial court granted, in part, the defendant's motion for reconsideration, stating: "From the Court's award of attorney fees in the sum of $24,510.00, any amount charged for the Supreme Court appeal must be subtracted." We note further that, although the trial court did not specifically articulate the amount to be "subtracted" from the award, the plaintiff conceded, and the record establishes, that its attorney charged $12,931.00 in connection with the defendant's appeal to this court. Accordingly, we construe the trial court's order as having awarded the plaintiff $11,579.00 in attorney's fees and $1,370.00 in costs.

We construe the defendant's brief to argue that the trial court erred by awarding the plaintiff attorney's fees because: (1) the August 1, 2013 trial court order finding that the plaintiff "had a judgment with a present value of $55,298 plus costs and fees" did not "award requested legal costs separately but added up whatever the attorney had stated were the costs and fees and awarded the $36,000 default judgment from [North Carolina] plus what the attorney cited as costs and fees"; (2) the plaintiff failed to file a motion to reconsider the August 1 order; (3) the award included fees associated with an appeal to us and to the Massachusetts federal district court, although he does not specifically identify those fees; (4) the Massachusetts federal district court declined to impose monetary sanctions; and (5) the underlying decision on the merits was erroneous. The defendant also requests that we "award him costs for having to defend himself in a frivolous suit for contempt." However, the record shows that the plaintiff withdrew the motion for contempt one day after it was filed.

As the appealing party, the defendant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our

review of the trial court's order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**