**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0293, <u>Mastoran Corporation v. New Hampshire Department of Environmental Services & a.</u>, the court on March 17, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Mastoran Corporation, appeals the order of the Superior Court (<u>O'Neill</u>, J.) granting summary judgment to the respondents, New Hampshire Department of Environmental Services and Waterfront Marine Holdings, LLC, on its request for a ruling that it may reinstall a dock that had been in place to service a Burger King restaurant, which has since closed. The petitioner argues that the trial court erred in: (1) ruling that its predecessor, as lessee, was not an "owner" of the shoreline for purposes of RSA 482:41-f (1967) (repealed 1989; current version at RSA 482-A:17 (2013). <u>See</u> Laws 1989, 339:1); (2) failing to rule that the dock constituted "artificial fill" pursuant to RSA 482:41-e (1970) (repealed 1989; current version at RSA 482-A:16 (2013). <u>See</u> Laws 1898, 339:1); (3) ruling that its predecessor's representations to the special board constituted implied conditions of approval; and (4) ruling that the absence of a recorded instrument, executed with the formalities required by RSA 482:41-f, demonstrated that the petitioner's predecessor did not obtain a grant of right from the governor and council. We assume, without deciding, that each of these arguments is preserved for our review.

As the appealing party, the petitioner has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**