# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2014-0554, <u>Joanne Alexander v. New Hampshire Division for Children, Youth and Families</u>, the court on March 17, 2015, issued the following order:**

Having considered the brief filed by the plaintiff, Joanne Alexander, the memorandum of law filed by the defendant, the New Hampshire Division for Children, Youth and Families (DCYF), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). The plaintiff appeals an order of the Superior Court (Garfunkel, J.) granting summary judgment to DCYF on the ground that her negligence claims against DCYF are barred by sovereign immunity. We affirm.

On appeal, the plaintiff advances several arguments related to the merits of her negligence claims. She also argues that the affidavit supporting the summary judgment motion filed by DCYF was inadequate in several respects, although she has not included DCYF's motion as part of the record on appeal. Finally, she contends that the trial court erred when it concluded that due care was exercised when: (1) a police officer took her daughter into protective custody after the daughter had run away from home five times in five months, had alleged that the plaintiff had physically and verbally abused her, had displayed a bruised arm and chin, and had showed the police a video recording of the plaintiff verbally abusing her; (2) after an ex parte hearing, the circuit court awarded DCYF protective supervision of the plaintiff's daughter; (3) after a preliminary hearing, the circuit court found reasonable cause to believe that the plaintiff had neglected her daughter by being violent toward her and by emotionally abusing her; (4) DCYF moved to withdraw the neglect petition because the plaintiff's daughter turned eighteen years of age; and (5) the circuit court granted the motion to withdraw. See RSA 541-B:19, I(b) (2007) (legislature has not waived immunity for "[a]ny claim based upon an act or omission of a state officer, employee, or official when such officer, employee, or official is exercising due care in the execution of any statute or rule of any state agency").

As the appealing party, the plaintiff has the burden of demonstrating reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's narrative order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**