# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0738, <u>Appeal of Nicolas Bosonetto & a.</u>, the court on July 13, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioners, Nicolas Bosonetto and Jill Bosonetto, appeal a decision of the Board of Tax and Land Appeals (BTLA) denying their request for an abatement of property taxes assessed by the respondent, the Town of Richmond (town), for the tax year 2012. We construe their brief to argue that the BTLA erred in concluding that the petitioners failed to prove that RSA 674:41 (2008) precludes the town from issuing a building permit for their property under any circumstances.

RSA chapter 541 governs our review of BTLA decisions. <u>Appeal of City of Lebanon</u>, 161 N.H. 463, 467 (2011). Under RSA 541:13 (2007), we will not set aside the BTLA's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. <u>Appeal of Liberty Assembly of God</u>, 163 N.H. 622, 625 (2012). The BTLA's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable. <u>Id.</u>; RSA 541:13. In reviewing the BTLA's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather, to determine whether the findings are supported by competent evidence in the record. <u>See</u> <u>Appeal of Wilson</u>, 161 N.H. 659, 661 (2011). We review the BTLA's rulings on issues of law <u>de</u> <u>novo</u>. <u>See</u> <u>id.</u> at 661-62.

As the appealing parties, the petitioners have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the BTLA's well-reasoned decision, the petitioners' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioners have failed to demonstrate that the BTLA's decision is clearly unreasonable or unlawful. <u>See</u> <u>Appeal of Liberty Assembly of God</u>, 163 N.H. at 625.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**