# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0779, <u>Suzanne Strasenburgh & a. v. Darren Carter & a.</u>, the court on July 15, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Suzanne Strasenburgh and JGS Acquisitions Corporation/Hanover Printing Company, appeal an order of the Circuit Court (<u>Tenney</u>, J.) dismissing the plaintiffs' action seeking a writ of replevin against the defendants, Darren Carter and Midnight Towing and Recovery. We note that David Terreri, whom plaintiff Strasenburgh identified as the person who requested the defendants to tow her vehicle and who the plaintiffs do not contest was in legal possession of the parking lot, was not a party to this action. The trial court observed that the plaintiffs "<u>may</u>, <u>or</u> <u>may</u> <u>not</u> have a valid claim against Mr. [Terreri] for any fees and costs associated with her towing, but that matter is not before this Court at this time."

We construe the plaintiffs' brief to contend that the trial court erred by: (1) finding that an authorized official authorized the removal and storage of her vehicle, <u>see</u> RSA 262:32 (2014); (2) finding that Terreri could authorize the removal of her vehicle, <u>see</u> RSA 262:40-a (2014); and (3) failing to determine whether the defendants "lawfully obtained possession of her automobile" and whether the defendants' fees were reasonable.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**