# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0132, <u>Kathy Wilson v. St. Magnus Condominium Association</u>, the court on September 18, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Kathy Wilson (owner), appeals an order of the Superior Court (<u>Delker</u>, J.) dismissing her action against the defendant, St. Magnus Condominium Association (association), because it was barred by a settlement agreement the parties entered to resolve a small claim by the association against the owner and her counterclaims against it. The settlement agreement provided, in pertinent part, that the owner released the association from

> any and all claims, . . . causes of action . . . damages, and any liabilities whatsoever, of every name and nature, both in law and in equity, whether known or unknown which have been brought or could have been brought in the dispute, directly or indirectly with respect to, arising out of, relating to, or in connection with the matters set forth in the dispute occurring from the beginning of time, until and up to and including October 24, 2013.

The agreement further provided that "[t]he Parties agree that they are fully releasing one another as to all claims and/or possible counterclaims, whether pending or not, in the dispute." The Circuit Court (<u>DeVries</u>, J.) granted the association's motion to enforce the settlement, stating that the owner "reserve[d] the right to pursue all remedies or causes of action arising AFTER 10/24/13 if any." In dismissing the present case, the superior court found that the owner's "present claims involve the same allegations she brought in her prior counterclaims" and that "[t]here is no indication that [her] allegations relate to claims arising after October 24, 2013."

The owner contends that the trial court erred by: (1) abrogating the association's duty under RSA 356-B:41 (2009) and under the condominium instruments to maintain and repair the condominium's common areas; (2) interpreting the settlement agreement to remove "her statutory and contractual rights to require the [association] to comply with the condominium documents post October 24, 2013"; (3) precluding her from compelling the association to fix ongoing problems with the common areas that were included in her circuit court counterclaims and leaving her "with no redress"; (4) ignoring her "assertion of

continuing leaking and structural issues in her Unit post October, 2013"; (5) stating that "to preserve her right to have the Association fix common area issues she had to remove the [small claim] matter to Superior Court and make that claim"; and (6) precluding discovery when "neither the cause of water infiltration into [her] unit nor the cause of structural issues claimed has been determined" and "[i]t is . . . conceivable that one or more of these scenarios [posited by the owner] would result in a new cause of action."

As the appealing party, the owner has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the owner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the owner has not demonstrated reversible error. See id.

In light of this conclusion, we need not address the association's arguments upon cross appeal that the owner's action was barred by res judicata and the statute of limitations.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**
