# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0151, <u>Craig Difeo & a. v. Federal National Mortgage Association</u>, the court on October 26, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiffs, Craig Difeo and Lorrie Difeo, appeal an order of the Superior Court (<u>Anderson</u>, J.) following a bench trial, ruling in favor of the defendant, Federal National Mortgage Association, on their request to set aside a foreclosure of their property conducted pursuant to a power of sale.  <u>See</u> RSA 479:25 (2013).  They argue that they were entitled to have the foreclosure deed set aside because, they claim, the foreclosure sale was not "public" and, thus, that it necessarily violated RSA 479:25 and the defendant's obligations under <u>Murphy v. Financial Development Corp.</u>, 126 N.H. 536 (1985).  We assume, without deciding, that all aspects of this argument are preserved.

The trial court found, and the plaintiffs do not contest, that there was no evidence establishing that the defendant failed to publish or properly serve foreclosure notices in compliance with RSA 479:25.  The trial court found that the auctioneer arrived at the subject property a few minutes before the scheduled start time of the foreclosure sale, told Lorrie Difeo and her friend, neither of whom were going to bid, what the process would be and the price that the defendant was seeking, and waited five-to-ten minutes after the start time for bidders to arrive.  The auctioneer did not disclose that the defendant had authorized him to bid on the property at a range of between $250,050 and $315,264.  When no bidders arrived, the auctioneer told Ms. Difeo and her friend that he was leaving because no one had shown up.  At no point did the auctioneer officially announce the start of the sale, read any kind of "foreclosure script," state that he was submitting a bid on behalf of the defendant, or announce that the defendant had acquired the property.  Subsequently, the defendant recorded a foreclosure deed and affidavit stating that it had acquired the property at the foreclosure sale for $250,050.

In rejecting the plaintiffs' argument that no sale complying with RSA 479:25 had occurred, the trial court reasoned, correctly, that nothing in the statute prescribes the specific manner or procedure by which a foreclosure sale must be conducted.  The trial court found, based upon the auctioneer's testimony, that the defendant had authorized him to bid $250,050 on its

behalf, and that the defendant did, in fact, sell the property upon the premises in accordance with RSA 479:25. Although the trial court agreed with the plaintiffs "that the process by which this sale transpired was entirely opaque," and that the filing of the foreclosure deed "after what appeared to be a failed foreclosure sale could rightfully upset" them, it observed that there was no evidence that the sale was commercially unreasonable, see Murphy, 126 N.H. at 541, and that the plaintiffs had not established how the manner in which the auctioneer had conducted the sale had prejudiced their rights.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

In light of this order, the defendant's request that we strike the plaintiffs' brief and dismiss their appeal for failing to comply with Rule 16 is moot.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

2