# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0793, <u>Robert C. Michele & a. v. Joseph Bremner & a.</u>, the court on November 9, 2015, issued the following order:**

The defendants' motion for special leave to submit supplemental memorandum is denied. The plaintiffs' motion to strike the defendants' October 8, 2015 letter to the court is moot.

Having considered the briefs and oral arguments of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in the case. The defendants, Joseph Bremner and Linda Bremner, appeal one of the rulings of the Superior Court (<u>Kissinger</u>, J.) regarding their easement over the property of the plaintiffs, Robert C. Michele and Katherine L. Michele, as Trustees of the Robert C. Michele Revocable Trust. We affirm.

The defendants' deeded easement over the plaintiffs' property allows them use of a specified "parcel of shore frontage for whatever purposes they may desire." In 2006, the defendants removed trees from the easement area without prior consent of the plaintiffs. In 2008, the defendants "installed a dock and a float in the water adjacent to the easement area." In addition, they have "left personal property including a garden trellis in the easement area." In 2013, the plaintiffs filed a verified petition for declaratory judgment and permanent injunctive relief seeking "a judgment declaring the [defendants'] activity on [the] easement to be inconsistent with the [defendants'] duty to make reasonable use of the easement area and that the [defendants] ha[d] unreasonably and unlawfully expanded the scope of the easement." The plaintiffs also sought "an injunction against such unreasonable use and/or expansion." The defendants filed a counterclaim requesting "a judgment declaring that their current use of the Easement Area [was] reasonable and consistent with the Easement" and declaring that they "may use the Easement Area exclusively and for whatever purposes they may desire, as allowed by law."

Following a view of the properties and a subsequent bench trial, the trial court ruled: (1) that the defendants' "removal of the trees was a reasonable use of the easement area"; (2) that the defendants' "installation of the dock and the float, as well as storing boats on the dock, [was] reasonable under the easement"; but (3) that it is "unreasonable for the [defendants] to install personal property such as a garden trellis or a bench in the easement area."

The trial court, therefore, ordered the defendants "to remove such personal property from the easement area." It also ordered that the defendants "may not place such items in the easement area in the future."

On appeal, the defendants challenge the trial court's ruling regarding their personal property in the easement area. They argue that: (1) the trial court misapplied the legal standard for reasonable use of an easement; and (2) the evidence presented at trial established that their use of the easement area is reasonable.

Under an express grant of easement, a grantee takes by implication whatever rights are reasonably necessary to enable it to enjoy the easement beneficially. Arcidi v. Town of Rye, 150 N.H. 694, 701 (2004). This includes the right to make improvements that are reasonably necessary to enjoy the easement. Id. Further, easement use must conform to the rule of reason. See id. at 702; Heartz v. City of Concord, 148 N.H. 325, 331 (2002). Under this rule, the parties involved must act reasonably under the terms of the easement to prevent interference with the use and enjoyment of each other's property. Arcidi, 150 N.H. at 702. Reasonableness is a question of fact that is determined by considering the surrounding circumstances, such as location and the use of the parties' properties, and the advantages and disadvantages to each party. Id. We will not overturn the trial court's factual findings, including those based upon a view of the subject property, when they are supported by the evidence. Id. As to the defendants' argument that the trial court misapplied the reasonable use standard, the interpretation of the trial court's order is a question of law, which we review de novo. See Choquette v. Roy, 167 N.H. 507, 513 (2015).

As the appealing parties, the defendants have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the defendants' challenges to it, the record submitted on appeal, and the relevant law, we conclude that the defendants have not demonstrated reversible error. See id.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**