# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0046, <u>Bel-Air Nursing and Rehab Center, Inc. v. Town of Goffstown</u>, the court on December 9, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, including the materials provided by the petitioner in its "Notice of Additional Late Authorities and/or Intervening Matters Pursuant to N.H. Supreme Court Rule 16(7)," we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Bel-Air Nursing and Rehab Center, Inc., appeals an order of the Superior Court (<u>Brown</u>, J.) affirming a decision of the zoning board of adjustment (board) for the defendant, the Town of Goffstown (town), denying its application for a variance. <u>See</u> RSA 674:33, I(b) (Supp. 2014). It argues that the trial court erred by not: (1) finding that a board member had a conflict of interest that disqualified her from voting on its application; (2) granting its motion for a new trial on the basis of new evidence discovered regarding the conflict of interest; (3) finding that it had demonstrated unnecessary hardship; and (4) finding that the application to it of the town's ordinance violated its substantive due process and equal protection rights.

As the appealing party, the petitioner has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
