# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0135, <u>Christine Westgate v. Stephen Dennis</u>, the court on December 23, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part, vacate in part, and remand.

The plaintiff, Christine Westgate (tenant), appeals an order of the Circuit Court (<u>Tenney</u>, J.) in her action against the defendant, Stephen Dennis (landlord). She contends that the trial court erred by: (1) not finding that the landlord violated RSA 540-A:6, II(a) (2007), governing the holding of security deposits, <u>see</u> <u>Cantwell v. J & R Props Unlimited</u>, 155 N.H. 508, 514 (2007) (stating substantial compliance with RSA 540-A:6, I (1997) (amended 2006) sufficient); (2) not finding that the landlord unlawfully entered the apartment, <u>see</u> RSA 540-A:3, IV-a (Supp. 2015) (authorizing landlord to enter to make emergency repairs); RSA 540-A:3, V (2007) (prohibiting tenant from refusing landlord access to premises for reasonable functions after adequate notice); (3) finding that the tenant had vacated the apartment before the landlord changed the locks; and (4) awarding the landlord attorney's fees in the amount of $750 in connection with his emergency motion to quash a subpoena.

As the appealing party, the tenant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the tenant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the tenant has not demonstrated reversible error on these issues. <u>See</u> <u>id</u>.

The tenant further contends that the trial court erred by not ordering the landlord to pay interest on her security deposit. <u>See</u> RSA 540-A:6, IV(a) (2007). The landlord "concede[s] that [the tenant] was entitled to the interest earned on the $830 security deposit."

Accordingly, we vacate the trial court's order only to the extent that it did not award the tenant interest on her security deposit and direct the trial court, upon remand, to determine the amount of the interest to which the tenant is entitled, and award her such interest. Upon remand, the trial court may also consider the landlord's allegation that the tenant has not satisfied its award of $750 in attorney's fees associated with his motion to quash a subpoena, and his request to set off any interest award against the attorney's fee award. As to these

issues, we leave to the trial court's discretion whether a further hearing is necessary.

Affirmed in part; vacated in part; and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**