# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0148, <u>John F. Best, Jr. v. Nationstar Mortgage & a.</u>, the court on November 21, 2017, issued the following order:**

Having considered the brief filed by the plaintiff, John F. Best, Jr., the memorandum of law filed by the defendants, Nationstar Mortgage (Nationstar) and MTGLQ Investors, L.P., and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff appeals the dismissal by the Superior Court (<u>Wageling</u>, J.) of his complaint to enjoin Nationstar from foreclosing on his property in Londonderry. The superior court ruled that the plaintiff's claims are barred, under the doctrine of res judicata, by the final judgment issued by the United States Bankruptcy Appellate Panel for the First Circuit. We review the trial court's decision <u>de</u> <u>novo</u>. <u>See</u> <u>Gray v. Kelly</u>, 161 N.H. 160, 164 (2010).

The doctrine of res judicata prevents parties from relitigating matters actually litigated and matters that <u>could have</u> been litigated in the first action. <u>Id</u>. The doctrine applies if three elements are met: (1) the parties are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits. The trial court found that all three elements are met in this case. We find no error in its determination.

The record on appeal establishes that the parties in this case were also parties or in privity with parties in the bankruptcy proceedings that culminated in an October 30, 2015 order from the federal appellate court. Moreover, the claims that the plaintiff made in the bankruptcy proceedings are the same claims that he has made in this litigation. Here, as in the bankruptcy proceedings, the plaintiff alleges that Nationstar's lien was "discharged in chapter 7 bankruptcy as 'unsecured' debt." (Capitalization omitted.)

Further, as the trial court concluded, the federal appellate court decision constitutes a final judgment on the merits. In that order, the federal appellate court determined that Nationstar was a <u>secured</u> creditor with a lien. The federal appellate court rejected the plaintiff's assertion that Nationstar failed to file a proof of claim, finding that "Nationstar did file a proof of claim to which it attached copies of a mortgage, promissory note, allonge, and assignment of mortgage," and that the plaintiff never objected to Nationstar's proof of claim.

Thus, because all of the requisites of the doctrine are met, the plaintiff's current claims are barred by the doctrine of res judicata.  See id.

On appeal, the plaintiff does not otherwise contest the trial court's res judicata determination.  Rather, he argues that the superior court "ignored" information that he presented to the court at the hearing on his motion to dismiss, "ignored [his] demand to see the original Note," "ignored the fact that he was appealing to [the] US Supreme Court," and "fraudulently ruled that Nationstar could foreclose without showing any evidence that they had possession of the original Note."  He further contends that the trial court "refused to acknowledge" that the attorney for Nationstar committed "perjury." The plaintiff also collaterally attacks the bankruptcy proceeding, alleging that Nationstar did not file a proof of claim and that the bankruptcy judge "engaged in corruption."  The plaintiff argues that "both the judge and Nationstar committed fraud in this case," and that, because "[f]raud vitiates all that it touches," Nationstar and any other "alleged mortgage holders . . . should . . . be ordered to cease all collection attempts and leave [him] alone."  Additionally, he asserts that he was entitled to try his case to a jury under the Seventh Amendment to the United States Constitution.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the superior court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2