**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0436, <u>Charlene Ann Craig v. The Bank of New York Mellon Trust Company, N.A.</u>, the court on March 15, 2018, issued the following order:**

Having considered the plaintiff's brief and reply memorandum, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Charlene Ann Craig, appeals an order of the Superior Court (<u>Delker</u>, J.) extinguishing a preliminary injunction it had entered on the foreclosure sale of her home pursuant to a power of sale, <u>see</u> RSA 479:25 (Supp. 2017), and entering judgment in favor of the defendant, The Bank of New York Mellon Trust Company, N.A. We affirm.

At the outset, we note that for the first time in her reply memorandum, the plaintiff asserts that on December 6, 2017, the day before she filed her opening brief, she was notified that her mortgage had been assigned to a different entity. She claims that this development "renders [the defendant's memorandum of law] . . . a substantially misleading 'fraud on the court' since [the defendant] asks this Court to AFFIRM the lower Court's decision which both [the defendant and its counsel] know is either moot or an intentional abuse of process." She does not, however, articulate how the alleged development renders the case moot, or otherwise request that we dismiss the case on mootness grounds. Rather, she invites us in the reply memorandum to reverse the trial court's order on its merits and to sanction the defendant and its attorney. We decline these requests for relief.

In extinguishing the injunction, the trial court concluded that the plaintiff lacked standing to challenge the defendant's authority to foreclose, observing that the defendant's counsel had represented that the defendant "holds both the note and the mortgage," and that the plaintiff had made "no colorable claim that any of the assignments [of the mortgage on her home] are void, as opposed to voidable." <u>See</u> <u>Pike v. Deutsche Bank Nat'l Trust Co.</u>, 168 N.H. 40, 43 (2015) (stating that a debtor may raise defects rendering an assignment invalid or ineffective to pass title, but may not raise defects rendering the assignment merely voidable at the assignor's election).

On appeal, the plaintiff argues that the trial court erred because, she claims, the defendant is a real estate mortgage investment conduit (REMIC), and because, she contends, "a REMIC has no right or authority to issue a foreclosure notice to an individual mortgagor and conduct a foreclosure

pursuant to" RSA 479:25. Thus, she asserts that the defendant lacks authority to foreclose upon her mortgage. We note that the plaintiff's brief contains neither factual nor adequate legal development to support this argument. The plaintiff further argues that the defendant committed fraud based upon several statements it made in pleadings that she asserts are inconsistent with her contention that it is a REMIC lacking authority to foreclose upon, or modify, an individual mortgage, and based upon a statement that its counsel made to her that he would transmit a mortgage modification application and related documents to the defendant.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. See id.

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

2