# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0489, <u>Woodrow Medina v. George Knight</u>, the court on April 16, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Woodrow Medina, appeals an order of the Circuit Court (<u>DeVries</u>, J.) dismissing his writ of replevin against the defendant, George Knight (buyer). We construe his brief to contend that the trial court erred by: (1) not finding that the bill of sale to the buyer from the used-car dealer where the plaintiff had consigned his 1989 motor vehicle for sale was invalid; (2) not inferring that the buyer had altered the bill of sale from the fact that he had registered the vehicle; (3) not finding that the buyer had committed fraud by registering the vehicle without a title, <u>but</u> <u>see</u> RSA 261:3, I(k) (Supp. 2017) (exempting vehicles manufactured before 2000, other than certain heavy trucks, from title requirement); (4) not finding that he owned the vehicle; (5) not finding that the vehicle was stolen; (6) considering that he was registered as a creditor in the dealer's bankruptcy; (7) allowing the parties to make introductory statements before being sworn; (8) declining to accept "paperwork" offered by the buyer; (9) not sending him a copy of the buyer's "rebuttal" prior to trial; and (10) not penalizing a town clerk for giving the buyer his name. We further construe his brief to contend that the audio recording of the hearing is inaccurate, but the written transcript is not.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**
