NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2013-652


RALPH P. GALLO & a.

v.

SUSAN TRAINA & a.

Argued: June 18, 2014
Opinion Issued: September 12, 2014


Brown and LaPointe, P.A., of Epping (Scott W. LaPointe on the brief and orally), for the petitioners.


Casassa and Ryan, of Hampton (Daniel R. Hartley on the brief and orally), for the respondents.


DALIANIS, C.J. The respondents, Susan and Joseph Traina (the Trainas), appeal an order of the Superior Court (Delker, J.) ruling in favor of the petitioners, Ralph P. and Ruth L. Gallo (the Gallos), on their petition to quiet title to land that the Gallos use to access their home on Captain's Pond in Salem. We affirm.

The trial court found the following facts after a two-day evidentiary hearing and a view of the property in question. In 1986, the Gallos purchased land on Emilio Lane Extension in Salem. They tore down the existing

structures and, in 1987, built their current home. They built a garage in September 1988.

Since purchasing the property, the Gallos have accessed it by using a looped driveway that ends on Emilio Lane Extension. They paved the driveway in May 1989. Before doing so, the Gallos installed a cement retaining wall and a decorative stone wall, planted a "burning bush" inside the stone wall, and planted various flowers and other vegetation along one side of the paved driveway.

In 1997, Susan Traina purchased property on Captain's Pond. In 2004, as part of a settlement agreement with her cousin, Ronald Peredna, she became the owner of a strip of land immediately to the east of the Gallos' property, which includes a paved area directly in front of the Gallos' walkway to their home and garage, a portion of their retaining wall and decorative stone wall, and the "burning bush." At some point, Peredna had acquired an easement to use a strip of land between the Gallos' property and his own property. The strip of land is currently owned by Dennis Iannalfo and his wife. Peredna later conveyed an easement deed to Susan, purporting to convey the easement to her. The Gallos' paved driveway and plantings are included on the Iannalfo strip of land.

The instant lawsuit was prompted by a long-running dispute between the neighbors that culminated in Susan's threat to build a fence around her property to cut off the Gallos' access to their garage. She also demanded that the Gallos remove the stone wall and plantings. The Gallos sought a declaration that they had a prescriptive easement to use their paved driveway located on the strip of land owned by the Iannalfos and that they had the right, by adverse possession, to maintain their retaining and decorative stone walls and plantings on Susan's land. Susan filed a cross-petition asserting a superior right to use the Iannalfo strip of land. On the morning of trial, Susan added her husband as a party. Although she originally purchased the subject property in her own name, it has since been transferred to her and her husband as joint tenants.

With regard to the Gallos' use of the land owned by the Trainas, the trial court ruled as follows. The court decided that land on which the retaining and stone walls and the bush sit belongs to the Gallos by adverse possession. The trial court rejected the Trainas' assertion that the granite post and fence that they installed in 2007 on their boundary line, to the south of the Gallos' retaining wall, and their occasional yard work around the burning bush interfered with the Gallos' exclusive use of the property. Specifically, the court found that "[b]y placing the fence there," the Trainas "in no way interfered with the Gallos' burning bush, retaining wall, or stone wall" and that the fence and maintenance of the land did not constitute "a co-occuring use of the land."

2

The court explained that "to interrupt the adverse possession, the record owner must perform some act which constitutes an ouster of the adverse claimant." Such conduct, the court observed, "must be such as would put a reasonably prudent person on notice that he or she actually has been ousted." (Quotation omitted.) Accordingly, the court stated, "[a] mere casual entry for a limited purpose by the record owner is not necessarily sufficient to destroy adverse possession." (Quotation omitted.) Based upon the evidence at the hearing and its view of the property, the court concluded that the Trainas' actions were insufficient to interrupt the Gallos' adverse use.

The court also determined that the Gallos have only a prescriptive easement to use the paved area in front of their driveway and walkway, which is located on the land in dispute. The court ruled that the easement allowed the Gallos to access their property over the paved area. The court concluded that "[c]onsistent with their 20 years of notorious, open, and adverse use of [the] land, the Gallos may also maintain this paved portion by having it repaved, refinished, plowed, or other similar actions necessary to maintain the access in the manner that [they] have been using it since 1989." Nevertheless, because the land itself belongs to the Trainas, the court ruled that the Gallos could not "block the paved area or engage in any other actions that would restrict the Trainas' . . . use of their property."

With regard to the Gallos' use of the strip of land owned by the Iannalfos, the court found that "the evidence clearly demonstrates that the Gallos have used the easement area in an open and notorious manner that is inconsistent with an easement broader than the paved driveway." The court observed that "[t]he Gallos planted trees and other vegetation along the western side of the driveway 20 years ago at the same time that they paved the dirt path" and that "[t]hey continue to maintain that area," including the trees and vegetation. Based upon the evidence at the hearing and its view of the property, the court found that "the use of the land immediately to the west of the paved driveway is inconsistent with any easement access Susan . . . may have obtained." The court concluded that "because the Gallos have openly, notoriously, and adversely used the easement area west of the paved driveway for more than 20 years, their adverse possession of this area, vis-à-vis Susan . . . , has extinguished any right [she] may have obtained to pass over this area." The Trainas unsuccessfully moved for reconsideration of the trial court's order, and this appeal followed.

In an action to quiet title, the burden is on each party to prove good title as against all other parties whose rights may be affected by the court's decree. Hersh v. Plonski, 156 N.H. 511, 514 (2007). We will uphold the trial court's determination unless it is erroneous as a matter of law or unsupported by the evidence. Id.

3

The Trainas argue that the trial court erred when it determined that the Gallos owned by adverse possession the land underneath the retaining and stone walls and the burning bush. They contend that the Gallos' use of that property was not exclusive and that they successfully interfered with the Gallos' use by, among other things, making "numerous entries onto the land for landscaping, surveying, and installation of a fence." The Trainas also argue that the trial court erred when it found that their easement was extinguished by the Gallos' adverse possession of the strip of land owned by the Iannalfos.

As the appealing parties, the Trainas have the burden of demonstrating reversible error. See Coyle v. Battles, 147 N.H. 98, 100 (2001). Based upon our review of the trial court's order, the Trainas' challenges to it, and the record submitted on appeal, we conclude that the Trainas have not demonstrated reversible error.

Affirmed.

HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.