**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0327, <u>Petition of Judith Tompson</u>, the court on March 30, 2016, issued the following order:**

Having considered the briefs and certified record, the court concludes that a formal written opinion is unnecessary in the case. The petitioner, Judith Tompson, has petitioned for a writ of certiorari, <u>see</u> <u>Sup. Ct. R.</u> 11, challenging a final decision of the Administrative Appeals Unit (AAU) of the New Hampshire Department of Health and Human Services (department) that upheld the department's determination that she would have to pay an increased deductible amount before she is eligible to receive Medicaid. We affirm.

The following facts were found by the AAU or are supported by the record. The petitioner is a disabled woman in her early fifties. The petitioner receives social security disability income (SSDI) in the amount of $1,276.00 per month. On August 7, 2014, the petitioner completed an application for continued eligibility for medical assistance under the Aid to the Permanently and Totally Disabled program. On August 26, the department informed the petitioner that her medical assistance deductible for one month would be $672.00 or $4,032.00 in a six-month period, effective September 1, meaning that she must incur medical expenses amounting to $672.00 each month or $4,032.00 every six months before she is eligible to receive medical assistance benefits under Medicaid. <u>See</u> <u>N.H. Admin. Rules</u>, He-W 878.01(a).

The petitioner requested a "fair hearing" before the AAU, challenging the amount of her deductible. <u>See</u> RSA 126-A:5, VIII (2015). Following a hearing, the hearings officer upheld the department's decision, concluding that it had accurately calculated the petitioner's income and properly applied the department's regulations to determine her deductible amount. The petitioner moved for reconsideration, arguing that the department's standards for obtaining medical assistance benefits are outdated and, therefore, unreasonable. She further contended that she is being discriminated against based upon her disability because, given the amount of her SSDI, the medical assistance deductible is unreasonable and excessive. Because she cannot afford the deductible amount, the petitioner argued that she is being denied meaningful access to Medicaid benefits in violation of the Americans with Disabilities Act (ADA).

The hearings officer denied her motion for reconsideration, finding that the petitioner "is not excluded from the Medicaid program by reason of her disability." The hearings officer explained:

[The petitioner] is, in fact, eligible for Medicaid services as a "medically needy" individual: due to the size of her monthly income, however, she must incur a specified amount of medical expenses before Medicaid coverage begins. This [deductible] applies to all individuals in the In and Out [Medically Needy Medical Assistance] program, and is based on the amount of the individual's income, not its source.

(footnotes omitted); see N.H. Admin. Rules, He-W 878.01(a) (describing "In and Out Medically Needy Medical Assistance"). The hearings officer further noted that she did not have the authority to determine whether a rule or statute is reasonable. See RSA 161:4, IV (2014) ("The decision of the [hearings] officer shall not be contrary to rules adopted by the department of health and human services pursuant to RSA 541-A."). She explained that the department's calculation of the petitioner's deductible amount is consistent with the controlling federally-approved state plan which sets the protected income level for "medically needy" individuals. This petition for writ of certiorari followed.

"The only judicial review of a fair hearings decision issued by the department is by petition for a writ of certiorari." Petition of Kalar, 162 N.H. 314, 318 (2011) (quotation and brackets omitted). Review on certiorari is an extraordinary remedy, usually available only in the absence of a right to appeal, and only at the discretion of the court. Id. Our certiorari review of the petitioner's appeal is limited to determining whether the AAU acted illegally with respect to jurisdiction, authority, or observance of the law or unsustainably exercised its discretion or acted arbitrarily, unreasonably, or capriciously. See Petition of Parker, 158 N.H. 499, 501 (2009). We exercise our power to grant such writs sparingly and only where to do otherwise would result in substantial injustice. Petition of Kalar, 162 N.H. at 318.

On appeal, the petitioner makes the same arguments she made in her motion for reconsideration filed with the AAU and asks that we reverse the AAU decision. The petitioner does not argue that the department's calculation of her deductible amount was made in error; rather she argues that the standards for determining medical eligibility are unreasonable and unattainable because an SSDI recipient cannot meet the monthly deductible. She further contends that the department violated Title II of the ADA by subjecting her to discrimination on the basis of her disability. Specifically, she maintains that the amount she receives in SSDI is greater than the amount a non-disabled individual would receive in ordinary social security income and, thus, her deductible, because of her disability, is higher than that of such an individual. This higher deductible, she argues, is unreasonable, excessive, and unattainable, and, therefore, her disability income effectively denies her meaningful access to the medical assistance program.

2

As the appealing party, the petitioner has the burden of demonstrating that the AAU committed reversible error.  See Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the AAU's decision, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error.  See id.  To the extent that the petitioner argues that the regulations governing the State's medical assistance program are outdated and unreasonable, she makes her argument in the wrong forum.  This argument implicates matters of public policy that are within the purview of the department, the New Hampshire Legislature, and/or Congress.  We, therefore, leave to them the task of addressing the concerns expressed by the petitioner.  See Petition of Kilton, 156 N.H. 632, 645 (2007).

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**