# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0493, <u>Starbrite Leasing, Inc. & a. v. Douglas A. Garland & a.</u>, the court on April 29, 2016, issued the following order:**

The DVD submitted with the plaintiff's "motion for leave to submit evidentiary DVD to facilitate judicial review of appellants' brief and reply to defendants' memorandum of law" does not appear to have been presented to the trial court, according to the defendants. Having reviewed and considered its contents, we conclude that the DVD has no bearing upon our analysis. Accordingly, the plaintiff's motion is moot.

Having considered the brief, memorandum of law, reply brief, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Plaintiff Edward C. Furlong, III, appeals an order of the Superior Court (<u>Temple</u>, J.) dismissing his claims against the defendants, Douglas Garland, Bartlett Water Precinct, and Town of Bartlett, as barred by the doctrine of res judicata and the terms of a temporary access agreement, which was upheld as valid and enforceable in a prior case. <u>See</u> <u>Lil' Man Snowmobile/Jet Ski Rentals, Inc. and Edward C. Furlong III v. Bartlett Water Precinct and Town of Bartlett</u>, Carroll County Docket No. 08-E-0160 (Dec. 10, 2009), <u>affirmed sub nom.</u> <u>Lil' Man Snowmobile and Jet Ski Rentals, Inc. & a. v. Bartlett Water Precinct & a.</u>, No. 2011-0051 (N.H. July 22, 2011). The plaintiff raises numerous challenges to the trial court's order.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**