# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0529, <u>Michael Gill v. New Hampshire Department of Revenue Administration; The Mortgage Specialists, Inc. v. New Hampshire Department of Revenue Administration</u>, the court on April 29, 2016, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Michael Gill and The Mortgage Specialists, Inc. (MSI), appeal an order of the Superior Court (<u>Anderson</u>, J.) granting summary judgment in favor of the defendant, the New Hampshire Department of Revenue Administration (DRA), in their appeal from final orders of assessment. We construe their brief to argue that: (1) "a DRA tax return . . . has been certified as a forgery. Not even close to my signature"; (2) many people, including members of the judiciary, the DRA, the Attorney General's Office, and the bar, have participated in "corruption"; (3) "every single individual representing the DRA had a conflict of interest"; (4) "we have extortion, forgery, tax fraud and a criminal cover up"; and (5) the appeal "will be fraud."

In reviewing the trial court's summary judgment rulings, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. <u>N.H. Resident Ltd. Partners of Lyme Timber Co. v. N.H. Dep't of Revenue Admin.</u>, 162 N.H. 98, 101 (2011). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. <u>Id</u>. We review the trial court's application of the law to the facts <u>de</u> <u>novo</u>. <u>Id</u>.

The plaintiffs contend that "a DRA tax return" is "a forgery." To the extent that they are arguing that they did not sign one or more of their state tax returns, the record does not establish that they raised this argument before the commissioner. <u>See</u> RSA 21-J:28-b, IV (2012); <u>Eby v. State</u>, 166 N.H. 321, 343 (2014) (stating statute limits legal issues to be considered on appeal to those raised in prior petitions for redetermination and reconsideration before the DRA, "with the exception that the taxpayer may raise additional legal claims addressing constitutional issues"). Although Sarah Gill is not a party to this appeal, we note that the hearing officer directly addressed her argument that she

did not sign the returns.  However, the hearing officer concluded that the hearing officer lacked jurisdiction to address the plaintiffs' arguments regarding fraud and malpractice by various of their accountants and attorneys.  See RSA 21-J:3, XVIII (2012) (limiting hearing officer's jurisdiction on appeals).  From this we infer that the plaintiffs did not argue to the hearing officer that they did not sign the returns.

Furthermore, the hearing officer's order referred to plaintiff Gill's allegations that he "reasonably relied on the advice of [his] tax advisors" and that his former accountant "made errors with respect to the reporting of the transfer of funds, and that subsequent legal counsel and accountants did not make corrections."  The hearing officer's order referred to plaintiff MSI's arguments that there were "errors in the returns by the return preparer" and that "it used an out of state preparer who did not understand the scope and complexity of the business, or the laws of New Hampshire."  We infer from these arguments that the plaintiffs, unlike Ms. Gill, did not contend before the hearing officer that they had not signed the returns.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Conboy and Lynn, JJ., concurred.

**Eileen Fox,
Clerk**

2