**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0256, <u>7 Islington Street, LLC & a.</u> v. <u>Tanner Bridge Development, LLC & a.</u>, the court on January 12, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Anthony DiLorenzo and Tanner Bridge Development, LLC, appeal the order of the Superior Court (<u>Delker</u>, J.), following a four-day bench trial, awarding $42,995.24 in damages, plus statutory interest and costs, to plaintiff Stephen Kelm. Kelm cross-appeals, arguing that the damage award should have been $348,607.93. The parties' dispute arises from a real estate development project in Portsmouth. The trial court found that, when the parties reached an impasse over whether the project should include parking, DiLorenzo mischaracterized his initial investment as a loan and attempted to use his financial position as leverage to remove Kelm from the company. In doing so, the court found, DiLorenzo breached the terms of the parties' operating agreement and the implied covenant of good faith and fair dealing. The court awarded Kelm the net gain he would have realized if DiLorenzo had "simply wound up the business pursuant to the Operating Agreement or state statutes in 2010," rather than "to allow the property to go into foreclosure so that he could purchase it" free of Kelm's interest.

The defendants argue that the trial court erred in: (1) characterizing DiLorenzo's initial investment as an equity contribution; (2) concluding that it was improper for him to attempt to foreclose on funds he loaned to the project; (3) failing to distinguish between his actions and the actions of his limited liability company; (4) finding, essentially, that he was obligated to fund the project to completion; (5) concluding that he violated duties of good faith and fair dealing; and (6) awarding damages to Kelm, when the project has not yet been profitable, and when Kelm's share in the company allegedly was "worthless."

In his cross-appeal, Kelm argues that the trial court erred in failing to award him damages equal to the profits he would have received if the project had been completed as planned.

Each party has the burden of demonstrating reversible error as to the issues he is raising on appeal. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).

Based upon our review of the trial court's well-reasoned order, the parties' respective challenges to it, the relevant law, and the record submitted on appeal, we conclude that neither party has demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**