**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0614, <u>Peter Fuller v. Concord General Mutual Insurance Company</u>, the court on July 27, 2017, issued the following order:**

Having considered the briefs of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Peter Fuller, appeals an order of the Superior Court (<u>Schulman</u>, J.) granting summary judgment to the respondent, Concord General Mutual Insurance Company (CGM), and denying the petitioner's cross-motion for summary judgment on his petition seeking a declaratory judgment that he is entitled to uninsured motorist coverage under the terms of his CGM policy. We affirm.

On April 3, 2015, the petitioner was driving his Harley Davidson motorcycle when he was injured in a two-vehicle collision. The other driver was at fault and lacked sufficient insurance coverage to provide full compensation to the petitioner. At the time of the accident, the petitioner had three automobile insurance policies for three different vehicles from three separate companies. Two of these policies — a Markel Insurance Company policy covering the motorcycle, and a Geico policy covering a personal vehicle — extended underinsured motorist coverage to the petitioner following the accident. The petitioner sought additional underinsured motorist coverage under his CGM Business Auto Policy. The policy's declarations page designates that all coverages in the policy apply only to "specifically described 'autos,'" listed on the policy, and the only such auto is a 1999 Chevrolet C Series dump truck. The policy includes a New Hampshire Uninsured Motorist Coverage (UIM) endorsement, which has an exclusion clause stating that UIM coverage does not apply to injuries sustained by the insured while operating a "vehicle owned by the Named Insured that is not an 'insured motor vehicle' for Uninsured Motorist Coverage under this Coverage Form." CGM denied coverage, at which point the petitioner filed the present action.

On cross-motions for summary judgment, the trial court concluded that the exclusion clause applied to the petitioner, thereby rejecting his argument that he should be provided coverage under the UIM endorsement. The court interpreted the UIM exclusion clause as clearly excluding UIM coverage for vehicles owned by the named insured and not insured <u>under the CGM</u> policy. The trial court found that the petitioner's motorcycle was not a "specifically described auto" covered by the CGM policy and it was undisputed that he owned the motorcycle. The trial court concluded, therefore, that the exclusion to UIM coverage applied and granted summary judgment to CGM.

On appeal, the petitioner argues that the CGM policy is ambiguous and that one reasonable interpretation of the policy favors coverage under the UIM endorsement. Specifically, he argues that the UIM exclusion clause that the trial court relied upon to preclude coverage can reasonably be read not to apply to him because his motorcycle qualifies as an "insured motor vehicle" in that it was insured at the time of the accident — albeit by another insurance company. The petitioner also points to exclusion clauses in other places in the policy which he finds less ambiguous to contend that the ambiguity in the UIM endorsement could have been avoided, is intentional, and ought to be construed in his favor.

As the appealing party, the petitioner has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). After a thorough review of the well-reasoned trial court order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. See id.

Affirmed.

HICKS, J., sat for oral argument but did not take part in the final vote; DALIANIS, C.J., and LYNN and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**

2