# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0565, <u>Brian Pellerin & a. v. The Bank of New York Mellon Trust Company, National Association</u>, the court on June 7, 2018, issued the following order:**

The plaintiffs' request in their reply memorandum of law that we strike the defendant's memorandum of law is denied. Having considered the plaintiffs' brief and reply memorandum of law, the defendant's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Brian Pellerin and Ann Pellerin, appeal an order of the Superior Court (<u>Delker</u>, J.), following a hearing, dismissing their complaint to enjoin the defendant, The Bank of New York Mellon Trust Company, National Association, from conducting a foreclosure sale. In their complaint, the plaintiffs asserted that the defendant is the trustee of a real estate mortgage investment conduit (REMIC), that as a matter of law, "REMICs have only the administrative authority to manage the distribution of principal and interest payments to its investors," and that "REMICs do not initiate foreclosures, conduct foreclosures, or manage foreclosed properties." In support of its motion to dismiss, the defendant introduced evidence that it had been assigned the plaintiffs' mortgage and promissory note, and at the hearing on the motion, its counsel asserted that it is in fact the holder of the note. In granting the motion to dismiss, the trial court reasoned: "The complaint is premised on the position that a REMIC trust does not have authority to foreclose on a mortgage. This argument has been roundly rejected by Courts. <u>See</u> <u>Gutierrez v. Bank of America, N.A.</u>, 2016 WL 310332, *9 (E.D. Cal. Jan. 26, 2016) (citing numerous cases); <u>In re Stephens</u>, 2016 WL 1050950, *1 (E.D. Pa. Mar. 16, 2016)."

On appeal, the plaintiffs assert that "[t]he issue is whether, at law, a trustee of a REMIC trust has the authority to conduct a foreclosure," and that the defendant "produced no evidence substantiating that . . . , as the trustee of a REMIC trust, [it] has the authority to perform the acts required by RSA 479:25 [(Supp. 2017)] in order to foreclose." According to the plaintiffs, "[t]he trustee of a REMIC has no authority to initiate a foreclosure action against an individual mortgagor whose mortgage became part of the securitized pool of mortgages," and any authority to initiate a foreclosure upon an individual mortgage is "extinguished upon the creation of the REMIC trust and the inclusion of the individual's mortgage in the pool of securitized mortgages." The plaintiffs cite no legal authority that stands for these propositions of law. The plaintiffs further argue that <u>Gutierrez</u> "is not controlling precedent on the

standing of a REMIC trust to commence or prosecute a foreclosure action" in New Hampshire because, they claim, it is inconsistent with an alleged requirement "in New Hampshire . . . that ownership of the note is a prerequisite to foreclosure." But see Bergeron v. N.Y. Community Bank, 168 N.H. 63, 68-71 (2015) (holding that agent of noteholder has authority to exercise power of sale under RSA 479:25, and declining to decide whether, absent an agency, a party holding only the mortgage may foreclose). Finally, the plaintiffs argue that the trial court improperly denied the right to conduct discovery in order "to confirm that Mellon, by and through their very formation and structure as a REMIC trust, is inherently prohibited to foreclose on any individual mortgage," and improperly denied the right to amend the complaint.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

Affirmed.

Lynn, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2