# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0540, <u>Carol St. Pierre v. School Administrative Unit 28 Windham School District & a.</u>, the court on June 8, 2018, issued the following order:**

The joint motion to allow the appendices to remain confidential is granted.

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Carol St. Pierre, appeals an order of the Superior Court (<u>Wageling</u>, J.) granting summary judgment in favor of the defendants, School Administrative Units (SAU) 28 and 95, Windham School District, on her claims of wrongful termination and violation of the Whistleblower's Protection Act, RSA ch. 275-E. She contends that: (1) SAU 28 is liable for her constructive discharge from SAU 95, even though she did not resign from SAU 28; (2) her claim against SAU 28 was not time barred because the statute of limitations on a hostile work environment claim begins to run on the date of the last hostile act, which here occurred at SAU 95; (3) she filed her action within three years of the date on which SAU 95 was created; (4) the trial court made findings of fact and weighed the evidence; (5) whether she was constructively discharged and retaliated against are questions of fact for a jury; (6) the acts she reported violated more than school board policies and were not "fanciful or inconsequential"; (7) her situation was comparable to that of the employee in <u>Porter v. City of Manchester</u>, 151 N.H. 30 (2004); and (8) she experienced adverse job consequences at SAU 95, including being assigned a job coach and being constructively discharged when she resigned to take another position.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**
