# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0645, <u>Peter D. Harback & a. v. Neil Manning & a.</u>, the court on September 17, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendants, Neil Manning and Janet Manning, appeal an order of the Superior Court (<u>Kissinger</u>, J.) in a quiet title action brought by the plaintiffs, Peter Harback and Roberta Harback, involving ownership of waterfront property and the existence and scope of certain easement rights.  The defendants argue that the trial court misapplied the principles of deed interpretation, ignored relevant extrinsic evidence, and relied upon immaterial and irrelevant evidence in concluding that they own no waterfront, have no right of access to the waterfront, and do not have a right of way to travel across the plaintiff's property.

"In an action to quiet title, the burden is on each party to prove good title as against all other parties whose rights may be affected by the court's decree."  <u>Crowley v. Town of Loudon</u>, 162 N.H. 768, 771 (2011).  "We will uphold the trial court's determination unless it is erroneous as a matter of law or unsupported by the evidence."  <u>Id</u>.  The trial court in this case, following a view of the properties and a seven-day trial, concluded in a 39-page decision that the plaintiffs proved that they own the entire disputed waterfront area and that, although the defendants have a right of way to park on a strip of the plaintiffs' property, they do not have a right of way to travel across the plaintiffs' property.  The trial court found the plaintiffs' surveyor to be more credible than the defendants' surveyor regarding the location of disputed boundary lines.  We defer to the trial court on such issues as resolving conflicts in testimony and measuring the credibility of witnesses, including expert witnesses.  <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).

As the appealing parties, the defendants have the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's thoughtful and well-reasoned order, the defendants' challenges to it, the relevant law, and the record submitted on

appeal, we conclude that the defendants have not demonstrated reversible error.  See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**