# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0732, <u>Judith Tompson v. Randolph Bank</u>, the court on October 2, 2018, issued the following order:**

Having considered the brief, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Judith Tompson, appeals the order of the Superior Court (<u>Anderson</u>, J.), following a foreclosure sale of her property, entering summary judgment for the defendant, Randolph Bank, and the orders denying her subsequently filed motions, mainly for the reasons stated in its summary judgment order. The plaintiff raises numerous issues on appeal.

The trial court ruled that the defendant was entitled to summary judgment on the plaintiff's claims alleging violations of: (1) the Consumer Protection Act, RSA chapter 358-A; (2) the Unfair Collection Practices Act, RSA chapter 358-C; and (3) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1695. The court further ruled that the plaintiff was not entitled to a homestead exemption, any recovery of accrued equity in the property, or compensation for improvements to the property. In addition, the court ruled that the defendant did not obtain an unreasonably low price for the property at the foreclosure sale.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned orders, the plaintiff's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See</u> <u>id</u>.

The defendant's request for attorney's fees is denied.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**