# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0443, <u>Darren Brady v. Family Dollar, Inc. & a.</u>, the court on March 29, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Darren Brady, appeals an order of the Superior Court (<u>MacLeod</u>, J.) dismissing his complaint against the defendants, Family Dollar, Inc., Howard Levine, and Janine MacMahan, for failure to state a claim upon which relief may be granted, and dismissing the complaint against defendant Levine on the separate ground of lack of service of process. In dismissing the complaint for failure to state a claim, the trial court construed it to be asserting defamation causes of action, and concluded that the well-pleaded factual allegations did "not articulate with sufficient specificity all of the elements of defamation under New Hampshire law." We note that the plaintiff did not identify in his objection to the motion to dismiss any specific causes of action other than defamation that he had pleaded. Nor did he move to reconsider on the basis that the trial court had misconstrued the complaint to be asserting only defamation causes of action. Accordingly, any such argument is waived. See <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002).

As the appealing party, plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See id</u>. In light of this order, the defendants' requests that we dismiss the appeal or strike the plaintiff's brief are moot.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**