# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0069, <u>Sally Hirsh-Dickinson & a. v. City of Concord</u>, the court on September 16, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Sally Hirsh-Dickinson, Spencer Dickinson, and Donna Crisp Duclos, appeal an order of the Superior Court (<u>McNamara</u>, J.) upholding a decision of the City of Concord Zoning Board of Adjustment (ZBA) to grant variances from applicable side-setback and maximum lot-coverage requirements, as well as from other dimensional requirements that apply to the raising of livestock within the relevant zoning district. As a result of the variances, the applicants, Robert Morrill and Sherri Morrill, trustees of the Robert D. Morrill and Sherri A. Morrill Revocable Trust, and Morrill Farm Dairy, LLC, will be allowed to expand a nonconforming dairy barn that has been in existence since 1969 upon a farm that has been in operation since 1925. On appeal, the plaintiffs argue that the trial court erred by upholding the following procedures employed by the ZBA at its hearing: (1) the ZBA's failure to grant the plaintiffs an opportunity for surrebuttal after allowing the applicants to respond to concerns raised by the plaintiffs at the hearing; (2) the ZBA's decision to deliberate, and to vote upon, all four variance requests through a single motion, rather than individually; and (3) the ZBA's failure to render specific findings of fact as to each of the five statutory criteria for a variance. The plaintiffs further challenge the trial court's determination that the ZBA reasonably found that the applicants had met their burden to prove each of the five statutory criteria for granting the variances.

A ZBA, like any administrative board, has broad discretion to determine how to conduct the proceedings before it. <u>See</u> <u>Appeal of Morin</u>, 140 N.H. 515, 517 (1995). A ZBA decision to grant a variance request carries with it implied findings that each statutory requirement for granting the variance exists. <u>See</u> <u>Rochester City Council v. Rochester Zoning Bd. of Adjustment</u>, 171 N.H. 271, 276 (2018). "Although disclosure of specific findings of fact by a board of adjustment may often facilitate judicial review, the absence of findings, at least where there is no request therefor, is not in and of itself error." <u>Id</u>. (quotation omitted). To grant the variance requests in this case, the ZBA was required to find, as to each variance request, that: (1) the variance is not contrary to the public interest; (2) the variance is consistent with the spirit of the zoning

ordinance; (3) substantial justice is done; (4) surrounding property values are not diminished; and (5) literal enforcement of the zoning ordinance will result in unnecessary hardship.  RSA 674:33, I(b) (2016) (amended 2018).

We will uphold the trial court's decision unless it is unsupported by the evidence or legally erroneous.  Rochester City Council, 171 N.H. at 275.  For its part, the trial court's review of the ZBA's decision is limited to determining whether, on the balance of the probabilities, the decision was unlawful or unreasonable.  Id.  To the extent the ZBA made findings of fact on questions properly before the trial court, the findings are prima facie lawful and reasonable.  Id.; see RSA 677:6 (2016).  The trial court's task is not to determine whether it agrees with the ZBA's findings, but to determine whether there is evidence on which the ZBA's findings reasonably could have been based.  Rochester City Council, 171 N.H. at 275.  In reviewing a ZBA's decision, the trial court does not act as a "super zoning board."  Id.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2