# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0096, <u>Aleksandr Rudyak & a. v. Bearfoot Creek, LLC & a.</u>, the court on March 3, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiffs, Aleksandr Rudyak (Rudyak) and Engeocom Bartlett, LLC (Engeocom), appeal an order of the Superior Court (<u>Ignatius</u>, J.) finding that Engeocom breached a contract it entered into with the defendant, Cheboygan Properties, LLC (Cheboygan).[1] Rudyak and Engeocom also appeal the trial court's rulings that Engeocom breached the implied duty of good faith and fair dealing, that Cheboygan did not breach the contract, and that Cheboygan is entitled to $352,000 in lost profits, $43,000 in costs incurred, and $92,469.98 in attorney's fees. We affirm the trial court's rulings, except that we vacate the award of attorney's fees, and remand for further consideration of the attorney's fees issue.

We summarize the relevant facts as derived from the trial court's orders. A full recounting of the facts is included in the trial court's order dated July 20, 2018. On October 16, 2014, Engeocom, a business entity owned and controlled by Rudyak, entered into a construction contract with Cheboygan, in which Cheboygan agreed to build a large addition to a vacation home that Rudyak owned in Bartlett. Between October 2014 and October 2015, Engeocom and Cheboygan engaged in discussions regarding the exact design and cost of the addition. Ultimately, the parties were not able to reach agreement on these issues, and construction of the addition never began.

In October 2015, Rudyak requested that Cheboygan return $320,000 that Rudyak had paid in deposits and fees. Cheboygan refused. Rudyak and Engeocom then brought suit against Cheboygan, asserting a number of claims, including breach of contract, breach of the implied duty of good faith and fair dealing, and violations of the Consumer Protection Act, RSA ch. 358-A (2009 & Supp. 2015) (amended 2016, 2017, 2019). Cheboygan brought counterclaims against Engeocom for breach of contract, and breach of the implied duty of good faith and fair dealing.

---

[1] The plaintiffs originally brought claims against both Cheboygan and Bearfoot Creek, LLC. However, in its July 20, 2018 order, the trial court dismissed all claims against Bearfoot Creek. Because the plaintiffs do not appeal that ruling, we refer to Cheboygan as the defendant.

Following a three-day bench trial, the trial court found that Cheboygan did not breach the contract, the implied duty of good faith and fair dealing, or the Consumer Protection Act, and that Engeocom did breach the contract and the implied duty of good faith and fair dealing. The trial court also found that, to the extent that Cheboygan proposed changes to the design and cost of the addition between October 2014 and October 2015, those changes were both authorized by the contract and made in good faith. Conversely, the trial court found that Engeocom had acted in bad faith during the parties' dealings. The court also found that Engeocom had breached Article 5.1 of the contract, which required Rudyak either to approve architectural drawings submitted by Cheboygan, or provide his reasons for disapproval, within 10 days after receipt of the drawings. Based on these findings, the trial court awarded damages to Cheboygan comprised of $352,000 in lost profits, $43,000 in costs incurred, and $92,469.98 in attorney's fees. Rudyak and Engeocom now appeal these rulings.

As the appealing parties, Rudyak and Engeocom have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned and detailed 46-page order, Engeocom's arguments, the relevant law, and the record submitted on appeal, we conclude that Rudyak and Engeocom have not demonstrated reversible error as to the issues of breach of contract, breach of the implied duty of good faith and fair dealing, lost profits, or costs incurred. See id.

However, we vacate the award of attorney's fees, and remand for further consideration of this issue. "We will not overturn the trial court's decision concerning attorney's fees absent an unsustainable exercise of discretion. We give substantial deference to a trial court's decision on attorney's fees." George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 139 (2011) (quotation and citation omitted).

Here, the trial court provided little explanation for its award of attorney's fees, even as it addressed all other issues in great detail. In its order following the bench trial, the court explained only that it was awarding attorney's fees "[g]iven the rulings on the merits." In a subsequent order denying Rudyak and Engeocom's motion to reconsider, the court elaborated slightly, explaining that it found that "costs and reasonable attorney's fees were appropriate based not on Rudyak or his counsel's behavior during trial, but instead based on Rudyak's bad faith conduct pre-dating litigation and his decision to ultimately pursue litigation . . . knowing that his bad faith conduct was the basis for the claims." It is not evident which specific pre-litigation conduct the trial court found to be in bad faith such that it justified an award of attorney's fees, and the trial court did not explain the relationship between Rudyak's specific conduct and the legal claims he asserted, some of which, while not successful, were more meritorious than others. Without a more detailed explanation from the trial court, we are unable to determine, on the record before us, whether

the trial court sustainably exercised its discretion in awarding attorney's fees. See id.  We therefore remand to the trial court for further consideration of this issue.

Finally, we note that Cheboygan has requested that we award it attorney's fees in connection with this appeal.  We grant attorney's fees related to an appeal only to a prevailing party, and only in "extraordinary cases" in which we find an appeal "to have been frivolous or in bad faith."  Sup. Ct. R. 23.  We decline to award Cheboygan attorney's fees in connection with this appeal.

Affirmed in part; vacated in part; and remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3