**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**


**In Case No. 2019-0584, <u>Colchester Properties, LLC v. Town of Alton</u>, the court on July 8, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Colchester Properties, LLC, appeals an order of the Superior Court (<u>O'Neill</u>, J.) upholding a decision of the zoning board of adjustment (ZBA) for the defendant, the Town of Alton, to uphold the denial by the town's select board of the plaintiff's application to restore previously-merged lots to their pre-merger status. <u>See</u> RSA 674:39-aa (Supp. 2019). On appeal, the plaintiff argues that the evidence was insufficient to establish that the plaintiff's predecessors-in-title engaged in overt actions or conduct demonstrating that they regarded the lots as merged so as to have voluntarily merged them. <u>See</u> RSA 674:39-aa, I(c).

We will uphold the trial court's decision unless it is unsupported by the evidence or legally erroneous. <u>Rochester City Council v. Rochester Zoning Bd. of Adjustment</u>, 171 N.H. 271, 275 (2018). For its part, the trial court's review of the ZBA's decision is limited to determining whether, on the balance of the probabilities, the decision was unlawful or unreasonable. <u>Id</u>.; <u>see</u> <u>Roberts v. Town of Windham</u>, 165 N.H. 186, 189-91 (2013). To the extent the ZBA made findings of fact on questions properly before the trial court, the findings are <u>prima</u> <u>facie</u> lawful and reasonable. <u>Rochester City Council</u>, 171 N.H. at 275; <u>see</u> <u>Roberts</u>, 165 N.H. at 189-91; RSA 677:6 (2016). The trial court's task is not to determine whether it agrees with the ZBA's findings, but to determine whether there is evidence on which the ZBA's findings reasonably could have been based. <u>Rochester City Council</u>, 171 N.H. at 275. When, as in this case, the appealing party challenges the sufficiency of the evidence, we consider whether a reasonable person could have reached the same decision as did the trial court on the evidence before it. <u>Roberts</u>, 165 N.H. at 191-92.

Under RSA 674:39-aa, II, an owner of land comprised of historical lots that were involuntarily merged by a municipality prior to September 18, 2010, is entitled to have the lots restored to their premerger status so long as the landowner timely submits a request for such relief to the municipality, and so long as no one in the landowner's chain of title voluntarily merged the lots.

"Voluntarily merged" lots include lots for which a landowner took "any overt action or conduct that indicates [that the] owner regarded said lots as merged such as, but not limited to, abandoning a lot line." RSA 674:39-aa, I(c).

The property at issue was subdivided into five contiguous lots in 1961; three of the lots had frontage on Lake Winnipesaukee. At the time of the subdivision, one of the lakefront lots contained a house, a garage, and a shed, another lakefront lot contained a "boat house," and a single driveway accessed these lots. The plaintiff's predecessors-in-title acquired the property in 1961. At some point prior to 1967, the house burned down, and from that point until the plaintiff acquired the property in 2016, the plaintiff's predecessors stayed in the "boat house" whenever they occupied the property. A rock wall encompassed most of the perimeter of the property.

In upholding the ZBA's determination that the plaintiff's predecessors-in-title had voluntarily merged the lots, the trial court relied upon the following facts: (1) the predecessors had occupied the "boat house" from after the house had burned down, and had utilized the property as a single residence accessible by a single driveway without taking any steps to treat the lots as separate lots, until the plaintiff acquired the property in 2016; (2) the predecessors had represented the property as a single lot in regulatory applications to the New Hampshire Department of Environmental Services for permission to install a "riprap" along the shoreline, and to the town for a tax abatement and for permission to relocate the single electric meter servicing the property; and (3) the deeds in the plaintiff's chain of title uniformly described the property as a single parcel with a single metes-and-bounds description. Although the trial court acknowledged that each fact may not, alone, have supported a voluntary merger, the court concluded that when considered in its entirety, the evidence reasonably supported the finding of voluntary merger.

On appeal, the plaintiff addresses each factor relied upon by the trial court individually, and argues why that factor was insufficient to support a finding of voluntary merger. The plaintiff further argues that testimony before the ZBA that the predecessors, during their ownership, had offered to sell one of the lots or had expressed an interest in selling some of the lots compelled a finding that the lots were not voluntarily merged. In reviewing the evidence before the ZBA, however, the trial court properly declined to consider the facts individually, and instead considered them in their totality. See Roberts, 165 N.H. at 193. Moreover, the ZBA was free to accept or reject the proffered evidence as long as its decision was reasonable, and the trial court was not required to second guess the ZBA or to make contrary findings since it was acting in an appellate capacity. N.H. Alpha of SAE Trust v. Town of Hanover, 172 N.H. 69, 77 (2019).

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error. <u>See id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**