# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0516, <u>In the Matter of Michael Babineau and Jill Babineau</u>, the court on February 26, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Michael Babineau, appeals a final decree entered by the Circuit Court (<u>Cooper</u>, M., approved by <u>McIntyre</u>, J.), following a two-day final hearing, in his divorce from the respondent, Jill Babineau. On appeal, the petitioner challenges the trial court's findings and rulings regarding property division, alimony, and child support, arguing that the trial court erred by: (1) allocating property and debt unequally; (2) classifying the petitioner as the "obligor" for purposes of child support; (3) awarding alimony in the amount and duration that it ordered; (4) not finding that certain "side work" that the petitioner performed from 2006 or 2007 until 2018 violated a covenant not to compete in his employment contract, and allegedly relying upon the side work in imputing income to him; (5) ruling that the petitioner's alimony obligation would, after a period of time, increase without expressly finding that the respondent's need for alimony would increase; (6) calculating the petitioner's income for purposes of child support and alimony; (7) ruling that a social security dependency benefit deriving from the respondent's disability would be added to her income for purposes of calculating child support, and that the petitioner would not be entitled to a credit in his child support payments for that benefit; and (8) considering the petitioner's voluntary underemployment both in determining that he had a greater ability to acquire future capital assets and income for purposes of dividing the marital property, and in calculating his income for purposes of child support and alimony. We note that the latter two arguments are raised under the plain error rule. <u>See</u> <u>Sup. Ct. R.</u> 16-A. We affirm.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). Its discretion encompasses decisions concerning alimony, child support, and the division of marital property and debt. <u>Id</u>.; <u>In the Matter of Muller & Muller</u>, 164 N.H. 512, 518 (2013). Its discretion likewise includes assigning weight to evidence and evaluating the credibility of witnesses. <u>In the Matter of Summers & Summers</u>, 172 N.H. 474, 479 (2019).

We will not overturn the trial court's rulings absent an unsustainable exercise of discretion. <u>Spenard</u>, 167 N.H. at 3. Accordingly, our review is limited to whether there is an objective basis sufficient to sustain the trial

court's discretionary judgments. <u>Id</u>. Conflicts in testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. <u>Summers</u>, 172 N.H. at 479. The trial court's factual findings are binding upon us if they are supported by the evidence and are not legally erroneous. <u>Id</u>. If the trial court's findings could reasonably have been made on the evidence before it, they will stand. <u>Spenard</u>, 167 N.H. at 3.

As the appealing part, the petitioner has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, including both its narrative decree and the parties' requested findings of fact and rulings of law that it granted, the petitioner's challenges to trial court's order, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
