# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0111, <u>State of New Hampshire v. Bryan Erickson</u>, the court on September 29, 2021, issued the following order:**

Having considered the memoranda of law and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, Bryan Erickson, appeals an order of the Superior Court (<u>Honigberg</u>, J.) denying his request for bail pending trial. We affirm.

The following relevant facts are supported by the record or are undisputed. On February 1, 2021, the defendant was charged with second-degree assault, obstructing a report of crime or injury, criminal trespass, disobeying an officer, and three counts of domestic violence simple assault following an incident at the complainant's house. On February 2, the trial court held a bail hearing and, from the bench, issued an order for preventive detention without bail. The court found by clear and convincing evidence that the defendant, a Massachusetts State Police Trooper and former Marine, posed a danger to the complainant and the public because of the training he received as part of his military and law enforcement service and because of evidence that he fled the complainant's house at a dangerously high speed. <u>See</u> RSA 597:2, III(a) (Supp. 2020). At the defendant's request, the court then set the matter for an evidentiary hearing.

The evidentiary hearing took place on February 11 and 12. The court heard testimony from two police officers. One officer recounted an interview he held with the complainant. The complainant informed the officer that the defendant arrived at her house in the early hours of January 31. A struggle broke out between them and the defendant restrained the complainant, choked her, hit and grabbed her, covered her mouth to stifle her screaming, and interfered with her multiple attempts to call 911. The court also heard testimony from an officer who responded to the scene. He testified that when police arrived at the complainant's house, the defendant was in the open garage and, upon seeing the police, closed the garage door. The officers then spoke with the complainant, who told them that the defendant fled out the back door toward his vehicle. The defendant then drove his vehicle through a residential area at a high rate of speed. Although the police were in pursuit, they were unable to catch up with the defendant.

On February 16, the court issued a new bail order. Based on evidence presented at the hearing that the defendant acted in a possessive and manipulative manner toward the complainant, fled the complainant's house, and then drove at a high rate of speed through a residential neighborhood, the court found that the defendant posed a safety risk and ordered preventive detention without bail. The defendant filed a motion for reconsideration, which the court denied. The February 16 order and the denial of the motion for reconsideration are the subject of this appeal.

The defendant challenges the trial court's finding that he would pose a safety risk if released. Specifically, he contends that the trial court erred when it excluded relevant exculpatory evidence at the evidentiary hearing, considered the defendant's record of military and law enforcement service in making its finding of dangerousness, relied on disputed evidence that the defendant engaged in a high-speed car chase with the police, and failed to give due weight to a report issued by the Rockingham County Supervised Pretrial Release program.

We review the trial court's decision under our unsustainable exercise of discretion standard. State v. Spaulding, 172 N.H. 205, 207 (2019). In determining whether the trial court unsustainably exercised its discretion, we consider whether the record establishes an objective basis sufficient to sustain the court's judgment. Id. at 207-08. To satisfy this standard, the defendant must establish that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Id. at 208. "'Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence.'" In the Matter of Braunstein & Braunstein, 173 N.H. 38, 47 (2020) (quoting Cook v. Sullivan, 149 N.H. 774, 780 (2003)). "We will not substitute our judgment for that of the trial court." Id.

As the appealing party, the defendant has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's February 16 order and its ruling on the motion for reconsideration, the defendant's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated reversible error. See id.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**