# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0017, <u>Robert Ford & a. v. Town of Fitzwilliam & a.</u>, the court on September 22, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  Plaintiff Jean Ford appeals an order of the Superior Court (<u>Smith</u>, J.) granting summary judgment to defendants Town of Fitzwilliam, its police chief, Leonard DiSalvo, and Fitzwilliam police officer Daniel Moore (municipal defendants), and denying her cross-motion for summary judgment. On appeal, Ford argues that the court erred by determining that there was probable cause sufficient to support her arrest and prosecution on a charge of disorderly conduct, <u>see</u> RSA 644:2 (2016), thereby entitling the municipal defendants to summary judgment on her claims arising under 42 U.S.C. § 1983 (2018) and related state law claims, and that the municipal defendants were entitled to immunity with respect to such claims.  We affirm.

In reviewing the trial court's decision on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in that party's capacity as the nonmoving party, and if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law.  <u>Balise v. Balise</u>, 170 N.H. 521, 523 (2017).  We will affirm the trial court's grant of summary judgment if our review of the evidence discloses no genuine issues of material fact, that is, facts that would affect the outcome of the case, and if the moving party is entitled to judgment as a matter of law.  <u>Id</u>.  We review the trial court's application of law to the facts <u>de</u> <u>novo</u>.  <u>Id</u>. at 524.

A police officer has probable cause to arrest a person when the officer has sufficient, trustworthy information to warrant a reasonable person's belief that the person arrested has committed a crime.  <u>State v. Lantagne</u>, 165 N.H. 774, 777 (2013).  We review reasonable probabilities, not the amount of evidence that would be required to sustain a conviction or to make out a <u>prima</u> <u>facie</u> case.  <u>Id</u>.  We approach the issue with concern for the practical and factual considerations of everyday life on which reasonable and prudent people, not legal technicians, act.  <u>Id</u>.

As the appealing party, Ford has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Having reviewed the trial court's order and the evidence in the light most favorable to Ford as the

nonmoving party, we conclude that Ford has not established a genuine issue of material fact, or that the trial court erred by determining that the municipal defendants were entitled to judgment as a matter of law.  See Balise, 170 N.H. at 523; Gallo, 166 N.H. at 740.

Affirmed.

MacDonald, C.J., and Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**