# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0190, <u>State of New Hampshire v. Vincent Morin</u>, the court on June 3, 2024, issued the following order:**

The court has reviewed the written arguments and record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). Following a jury trial in Superior Court (<u>English</u>, J.), the defendant, Vincent Morin, was convicted of driving after his license had been suspended. On appeal, he argues that the evidence was insufficient to prove that he knew that his license was suspended at the time that he drove. We affirm.

The parties stipulated that the defendant's license had been suspended as of February 2, 2020, and that it remained suspended on April 28, 2022, which is the date upon which the defendant was arrested. The defendant testified that his license had been suspended in 2020, but stated that he had paid his fines by phone a few weeks before he drove, and that he believed that his license had been reinstated. The State contended, however, that the evidence demonstrated that, notwithstanding the fact that the defendant had paid his fines, he knew that his license was still suspended. The State argued to the jury in its closing that, <u>inter alia</u>, the defendant "didn't get a letter from the [Division of Motor Vehicles] stating that his license is reinstated. The phone that he spoke on, the operator or the automated message didn't say your license is now reinstated, feel free to drive."

We will assume, without deciding, that the defendant has preserved his sufficiency argument for appeal. Here, it was undisputed that the defendant knew that his license had been suspended in 2020. Although the defendant testified that, as a result of paying his fines, he believed that his license had been reinstated, the jury was not required to accept his testimony. <u>See</u> <u>White v. State</u>, 171 N.H. 326, 330 (2018). Indeed, as the State correctly argues in its memorandum of law, there was evidence casting doubt on the credibility of both the defendant and his supporting witness.

As the appealing party, the defendant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Having reviewed the defendant's arguments in his brief, the relevant law, and the record submitted on

appeal, we conclude that the defendant has not demonstrated reversible error. See id.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**
