# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0448, In the Matter of Mark Foley and Kasey Woodman, the court on July 15, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. See Sup. Ct. R. 20(2). The respondent, Kasey Woodman (mother) appeals the final decree entered by the Circuit Court (Countway, J.) in her divorce from the petitioner, Mark Foley (father), arguing that the trial court erred in: (1) its order on the parties' holiday parenting schedule; and (2) ordering the parties to contribute equally to the child's uninsured medical expenses. We affirm.

The mother first argues that the trial court erred in its order on the parties' holiday parenting schedule. When reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. Id.

The trial court's order provides the mother with parenting time on Thanksgiving in even years, Christmas Eve in odd years, Christmas Day in even years, and Easter in odd years. The court's order also provides the father with parenting time every year on the "Foley Family Christmas" weekend. The mother argues that the trial court erred by failing to make factual findings to support its modifications to the parties' partial stipulation regarding the holiday schedule. We assume the trial court made all findings necessary to support its decision, even if it did so implicitly. In the Matter of Kosek & Kosek, 151 N.H. 722, 725 (2005). In this case, we assume the trial court found that its parenting schedule was in the child's best interest. See id. Moreover, we note that the trial court explained its decision to modify the parties' partial stipulation, stating that it "altered Thanksgiving [and] Easter for a better balance in conjunction with its Christmas Eve/Day Order." We conclude that the trial court sustainably exercised its discretion in its order on the parties' holiday parenting schedule. See id.

The mother next argues that the trial court erred in ordering the parties to contribute equally to the child's uninsured medical expenses. We will uphold the trial court's decision with respect to child support unless it is

unsupported by the evidence or erroneous as a matter of law.  In the Matter of Hampers & Hampers, 154 N.H. 275, 283 (2006).  The mother has not identified any current or anticipated uninsured medical expenses for the child.  She asserts, however, that the order "has the potential to create financial strain" on her, such that she "may need to seek child support in the future."  We note that the mother did not argue in her motion for reconsideration, as she does on appeal, that RSA 458-C:4, II (2018) governed the allocation of uninsured medical expenses.  See Sup. Ct. R. 16(3)(b) (requiring appealing party to specifically identify where in the trial court record that the appealing party raised each of the questions presented for review).  We conclude that the mother has failed to show that the trial court erred in ordering the parties to contribute equally to the child's uninsured medical expenses.  See Gallo v. Traina, 166 N.H. 737, 740 (2014) (appellant bears burden to demonstrate reversible error).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2