# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0090, <u>In the Matter of William Collins and Lisa Collins</u>, the court on January 31, 2019, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, William Collins, appeals a final decree issued by the Circuit Court (<u>Cross</u>, R., approved by <u>Alfano</u>, J.) in his divorce from the respondent, Lisa Collins. He challenges the award to the respondent of alimony, <u>see</u> RSA 458:19 (2018) (amended 2018), arguing that, other than for the final two years of the parties' thirty-year marriage, there was "little to no evidence" of their financial circumstances during the marriage. Thus, he argues that the trial court necessarily failed properly to account for the "style of living to which the parties ha[d] become accustomed during the marriage," RSA 458:19, I(a) & (b), in determining the respondent's need for alimony and the petitioner's ability to pay it, and that its findings concerning need and ability to pay alimony, including its findings concerning the parties' respective life styles, are necessarily unsupported by the evidence. He further argues that, because the respondent did not request financial support from him after the parties separated in 2000, and because she did not seek alimony within the context of a 2001 Massachusetts court petition for child support, she is now barred from seeking alimony under RSA 458:19 within the context of this divorce petition under the doctrine of laches. Finally, he argues that the trial court erred by ordering him to reimburse the respondent $1,031 for certain dental and vision care costs she incurred that were not covered by insurance.

As the appealing party, the petitioner has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's decree, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

<b>Eileen Fox,<br>Clerk</b>