# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0384, <u>Curtis Leach v. Connecticut Department of Labor</u>, the court on March 14, 2019, issued the following order:**

Having considered the brief filed by the plaintiff, Curtis Leach, the memorandum of law filed by the defendant, the Department of Labor for the State of Connecticut, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff appeals an order of the Circuit Court (<u>Ryan</u>, J.) dismissing the two small claims complaints he filed against the defendant. We affirm.

The plaintiff's small claims actions sought damages against the defendant based upon the defendant's efforts to recover overpaid unemployment compensation benefits from him. The plaintiff alleged that, in so doing, the defendant had violated his consumer protection rights under RSA chapters 358-A and 358-C "on 50 separate occasions." <u>See</u> RSA 358-C:4, VI (2009) (providing that any violation of RSA chapter 358-C constitutes an unfair and deceptive act or practice within the meaning of RSA chapter 358-A).

The trial court granted the defendant's subsequent motion to dismiss based upon its determination that the plaintiff is not a "consumer," the payment of unemployment compensation benefits does not qualify as either a "consumer credit transaction" or a "consumer transaction," and the defendant is not a "debt collector," within the meaning of RSA chapter 358-C. <u>See</u> RSA 358-C:1, I (2009) (defining a "consumer" as a person "who seeks or acquires, or is offered property, services, or credit for personal, family or household purposes"), II (2009) (defining a "consumer credit transaction" as "a transaction between a creditor and a consumer in which real or personal property, services, money or a form of money is acquired on credit and the consumer's obligation is payable in 4 or more installments or for which credit a finance charge is or may be imposed"), III (2009) (defining a "consumer transaction" as "a transaction between a consumer and a person who sells, leases or provides property, services, or credit to consumers"), VIII(a) (2009) (defining a "debt collector" as one who "enforces or attempts to enforce an obligation that is owed or due, or alleged to be owed or due, by a consumer as a result of a consumer credit transaction").

As the appealing party, the plaintiff has the burden of demonstrating that the trial court committed reversible error. <u>See</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned

order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not met that burden. See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
