# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0029, <u>Wayne Perreault v. Town of Goffstown</u>, the court on August 12, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Wayne Perreault, appeals an order of the Superior Court (<u>Messer</u>, J.) upholding a decision of the zoning board of adjustment (ZBA) for the defendant, the Town of Goffstown, which in turn had upheld a determination by the town's code enforcement officer (CEO) that a "halfpipe," built on a lot across the street from the plaintiff, was not in violation of the town's zoning ordinance. On appeal, he argues that the trial court erred by: (1) construing the terms of the ordinance so as not to subject the halfpipe to the front setback for the applicable zoning district contained within the ordinance's table of dimensional regulations; and (2) upholding the CEO's determination that the halfpipe is a permitted accessory use under the ordinance, and is not a "facility" as that term is used in the ordinance's table of accessory uses, but is instead "akin to playground equipment, a tree house, or a trampoline."

We will uphold the trial court's decision unless it is unsupported by the evidence or legally erroneous. <u>Rochester City Council v. Rochester Zoning Bd. of Adjustment</u>, 171 N.H. 271, 275 (2018). For its part, the trial court's review of the ZBA's decision is limited to determining whether, on the balance of the probabilities, the decision was unlawful or unreasonable. <u>Id</u>. To the extent the ZBA made findings of fact on questions properly before the trial court, the findings are <u>prima</u> <u>facie</u> lawful and reasonable. <u>Id</u>.; <u>see</u> RSA 677:6 (2016). The trial court's task is not to determine whether it agrees with the ZBA's findings, but to determine whether there is evidence on which the ZBA's findings reasonably could have been based. <u>Id</u>. We review the trial court's interpretation of the zoning ordinance <u>de</u> <u>novo</u>. <u>New Hampshire Alpha of SAE Trust v. Town of Hanover</u>, 172 N.H. ___, ___ (decided March 26, 2019) (slip op. at 4).

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the

relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, and Donovan, JJ., concurred.


**Eileen Fox,**
**Clerk**