# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0612, <u>In re Beatrice C. Skillen 1995 Trust Agreement</u>, the court on August 15, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Maisley Paxton, appeals the order of the Circuit Court (<u>King</u>, J.) dismissing her petition to set aside certain amendments and restatements of the Beatrice C. Skillen 1995 Trust Agreement as time barred. The trial court ruled that RSA 564-B:4-406(b) (Supp. 2018) required the petitioner to file her petition within three years of the settlor's death because the trust was revocable at the settlor's death.

On appeal, the petitioner argues that the trial court misconstrued the statute and erred by relying upon comments to the Uniform Trust Code to interpret it. She also argues that her petition was timely because she filed it within three years of the notice described in RSA 564-B:8-813(c)(3) (2007), and that, under the circumstances, the respondents should be estopped from arguing that the trust was revocable at the settlor's death. Finally, she argues that the court's ruling is contrary to public policy, and that, to the extent that RSA 564-B:4-406(b) is ambiguous as applied to trusts that become irrevocable at the death of the settlor, the trial court should have construed it in her favor.

"The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (2007). We will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law. <u>In re Estate of Couture</u>, 166 N.H. 101, 105 (2014). We review the probate division's interpretation of a statute <u>de</u> <u>novo</u>. <u>DeLucca v. DeLucca</u>, 152 N.H. 100, 103 (2005). When interpreting a statute, we construe the language according to its plain and ordinary meaning. <u>Dietz v. Town of Tuftonboro</u>, 171 N.H. 614, 619 (2019). We will not add language that the legislature did not see fit to include. <u>Id</u>. Absent ambiguity, we will not examine legislative history. <u>Forster v. Town of Henniker</u>, 167 N.H. 745, 750 (2015).

The plain language of RSA 564-B:4-406(b)(1) provides that, "in the case of a trust that was revocable at the settlor's death," a person "may commence a judicial proceeding to contest the validity" of the trust within "3 years after the settlor's death." There is no dispute that the trust in this case was revocable

prior to the settlor's death, and that the petitioner did not file her petition until three years and two months after the settlor's death.

As the appealing party, the petitioner has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). We have reviewed the trial court's well-reasoned order, and the petitioner's challenges to it, including her argument that RSA 564-B:4-406(b)(1) does not apply under the circumstances of this case, and we conclude that the petitioner has not demonstrated reversible error. See id.

Affirmed.

Smukler and Brown, JJ., retired superior court justices, specially assigned under RSA 490:3, and St. Hilaire, J., superior court justice, specially assigned under RSA 490:3, concurred.

**Eileen Fox,
Clerk**