# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0073, <u>Jamco Excavators, LLC v. George R. Roberts, Co.</u>, the court on September 13, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiff, Jamco Excavators, LLC, appeals an order of the Superior Court (<u>Houran</u>, J.) granting summary judgment in favor of the defendant, George R. Roberts, Co.  It contends that the trial court erred by finding that its breach of contract action against the defendant was barred by the statute of limitations, <u>see</u> RSA 508:4, I (2010), because:  (1) although the city informed it that the septic pumps the defendant had installed did not meet the city's specifications, the plaintiff "was not able to confirm the City's allegation . . . until [the plaintiff] had hired a replacement subcontractor" to correct the problems; (2) the plaintiff was unaware of problems in "certain related wiring" until the replacement subcontractor began replacing the pumps installed by the defendant; and (3) the plaintiff could not have anticipated the defendant's refusal to reimburse the plaintiff for the costs of correcting the pumps.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**