# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0093, <u>William J. Knaus & a. v. Namaschaug Landing Association</u>, the court on September 26, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiffs, William J. Knaus, Nancy B. Knaus, and Forrest L. Patenaude, appeal the order of the Superior Court (<u>Ruoff</u>, J.) granting summary judgment in favor of the defendant, Namaschaug Landing Association, on their complaint for declaratory judgment relating to a proposed lot line adjustment.

The record shows that the plaintiffs own two of seven residential units in a cluster development subdivision.  The subdivision consists of more than 40 acres of land; individual lots for the seven units comprise approximately six acres, and the remaining land is designated as common land for the benefit of all unit owners.  In 2017, after obtaining the association's approval, one of the unit owners submitted an application to the planning board for a lot line adjustment to allow for the construction of an additional bay onto his existing garage.  The applicant proposed purchasing approximately 0.9 acres of common land from the association to meet the town's setback requirements.  The plaintiffs filed this action, and the parties agreed to stay the planning board proceedings pending the outcome of this case.  The trial court entered summary judgment in the defendant's favor, and the plaintiffs now appeal.

The plaintiffs argue that:  (1) the town's zoning ordinance does not permit any portion of common land in a cluster development to be conveyed to a unit owner; (2) the association's declaration of covenants, restrictions, easements, charges, and liens does not permit a change in the common land without the plaintiffs' consent; (3) the lot line adjustment confers no benefit to the association; (4) the association should be estopped from amending the declaration without unanimous consent; and (5) the statute of frauds bars any amendment to the declaration without the written consent of all unit owners.

The trial court ruled that the issue of whether the proposed lot line adjustment would violate the zoning ordinance is not ripe for review because the planning board has not yet acted on the application, and that if the board approves the application, the plaintiffs will have a right to appeal the decision pursuant to RSA 677:15 (2016).  The court ruled that even if the lot line

adjustment requires an amendment to the declaration, the declaration specifically provides that a vote of five of the seven unit owners is sufficient. The court also ruled that the declaration does not require the association to obtain a benefit before adopting an amendment, noting further that the unit owner has offered to compensate the association for the proposed lot line adjustment. Addressing the plaintiffs' estoppel argument, the court ruled that a prior draft amendment to the declaration, which was never adopted, and which included places for the signatures of all unit owners, did not, standing alone, constitute an admission by the defendant that unanimity is required for amendment. The court ruled that the statute of frauds does not bar the proposed lot line adjustment because a change in the common land does not require written releases from the unit owners.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

2