# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0388, <u>Sara Lynn & a. v. The Wentworth By the Sea Master Association</u>, the court on April 10, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, The Wentworth By the Sea Master Association (association), appeals, and the plaintiffs, Sara Lynn and Paul Lynn (the Lynns), cross-appeal, an order of the Superior Court (<u>Schulman</u>, J.) granting summary judgment in favor of the Lynns and denying the association's cross-motion for summary judgment relative to the parties' claims for declaratory and injunctive relief.  The present dispute concerns the authority of the association, a homeowners' association, to levy a special assessment against the Lynns' home in the amount of $301,559 for the attorney's fees and costs that the association incurred in litigating the case that we decided in <u>Lynn v. Wentworth By The Sea Master Ass'n</u>, 169 N.H. 77 (2016).  In ruling in favor of the Lynns, the trial court concluded that the association was not entitled to levy the assessment under its declaration of covenants, conditions, and restrictions (declaration).

The underlying litigation concerned the validity of an easement for beach access burdening the Lynns' oceanfront property.  The Lynns sought declaratory and injunctive relief challenging the validity and enforceability of the easement.  <u>Id</u>. at 80.  In ruling that the easement was valid and enforceable, the trial court determined that an implied easement was created when the Lynns' predecessors-in-title purchased the property.  <u>Id</u>. at 81.  On appeal, we agreed with the Lynns that an easement implied by prior use did not exist, and rejected the association's counterargument that it had an easement implied by common plan.  <u>Id</u>. at 82-83.  Nevertheless, we affirmed the trial court's judgment on the basis that an <u>express</u> easement, and not an implied easement, was created as a matter of law.  <u>Id</u>. at 83-86.  In so ruling, we acknowledged that language in the deed to the Lynns' predecessors-in-title concerning easements that "may be recorded in the future" was ambiguous as to whether the parties intended to create the specific easement at issue, which was first reflected on a site plan recorded several days <u>after</u> the deed.  <u>See</u> <u>id</u>. at 79, 85.  However, we determined that extrinsic evidence testified to by the predecessors-in-title and a representative of the original developer, which the trial court had allowed over the Lynns' objection that the association first

disclosed it after the close of discovery, established that the deed in fact intended to convey the relevant easement.  See id. at 79, 80-81, 85-86.

Nearly two years after we issued our mandate in Lynn, the association notified the Lynns of its intent to assess them $301,559 for its Lynn costs and attorney's fees.  The association relied upon a provision of the declaration authorizing the association to "levy a Special Assessment against any Unit . . . to reimburse [it] for Costs incurred in bringing the Unit . . . into compliance with the provisions of the Declaration, any applicable Supplemental Declaration, the Articles, the By-Laws and the Association rules and regulations."  The association posited that, because the Lynns had sought to have the easement judicially declared invalid in Lynn, they necessarily had attempted to "convert" a portion of its "common area," which the association argued included the easement, and therefore, the association argued that the Lynns had "tried to interfere with [its] common area rights."  The Lynn lawsuit, according to the association, "was the legal equivalent of trying to build a gate to block the [a]ssociation's beach access pathway."  Accordingly, the association asserted that its attorney's fees and costs were incurred to bring the Lynns' unit into compliance with the declaration.

In rejecting the association's position, the trial court agreed with it that the easement fell within the meaning of "common area" under the declaration, and that "blockading the beach access easement" would have entitled the association to a special assessment.  The trial court rejected the association's argument, however, that merely seeking a judicial determination as to "the existence vel non of an easement" was the equivalent of blocking the easement. The trial court observed that the association had voluntarily nonsuited its counterclaim in Lynn in which it had sought to enjoin alleged harassment of association members who used the easement, and that there was no evidence that the Lynns had in fact blocked use of the easement.  Accordingly, the trial court concluded that the Lynns' unit was not in a state of noncompliance and, thus, that the Lynn attorney's fees and costs were not recoverable under the sole provision of the declaration relied upon by the association.

On appeal, the association characterizes Lynn as "an attempted taking of a known common-area right."  By seeking "to extinguish [its] common-area rights," the association contends, "the Lynns fell out of compliance with the Declaration."  As noted above, however, the validity of the easement in Lynn ultimately turned upon extrinsic evidence testified to by the parties' predecessors-in-title.  Thus, prior to Lynn, the easement's validity was far from unassailable.  On cross-appeal, the Lynns challenge the trial court's determination that the easement is part of the "common area," and argue that, because the association unsuccessfully sought attorney's fees in Lynn, its claim for attorney's fees pursuant to the declaration is barred by res judicata.

2

As the appealing party, the association has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the association's challenges to it, the relevant law,[1] and the record submitted on appeal, we conclude that the association has not demonstrated that the trial court erred by ruling that the Lynns were not out of compliance with the declaration. <u>See</u> <u>id</u>. Accordingly, we need not address the Lynns' arguments on cross-appeal.[2]

<u>Affirmed</u>.

Hicks, Bassett, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] Even assuming that the easement constituted "common area," the association cites no authority standing for the proposition that merely bringing a legal challenge to the validity of an easement constituting part of a homeowner's association's "common area," without more, amounts to a breach of restrictive covenants. We note that in <u>Willow Lake Residential Ass'n v. Juliano</u>, 80 So. 3d 226 (Ala. Civ. App. 2010), relied upon by the association, the homeowner had in fact violated restrictive covenants by building within common area, <u>id</u>. at 231, 236-37, and that the award of attorney's fees was premised not simply upon a general enforcement provision, but upon a provision entitling the homeowner's association to recover attorney's fees and costs if it was required to take legal action to abate, enjoin, or remove a violation or breach of its restrictive covenants, <u>see id</u>. at 240-42.

[2] Because the trial court correctly ruled that merely challenging the validity of the easement did not place the Lynns out of compliance with the declaration, we agree with the Lynns' assertion in footnote 12 of their brief that the trial court's determination that the easement was part of the "common area" was, in effect, <u>dicta</u> that was not essential to its ultimate decision. <u>Tyler v. Hannaford Bros.</u>, 161 N.H. 242, 247 (2010).

3