# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0078, <u>In re Estate of Frederick J. Caldwell</u>, the court on August 14, 2020, issued the following order:**

Having considered parties' briefs and the limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The appellant, Steven Caldwell, appeals an order of the Circuit Court (<u>Maloney</u>, J.) granting the motion filed by the administrator of his father's estate to distribute the estate equally to the appellant and his sister pursuant to the statute governing intestate succession, RSA 561:1, II (2019). We affirm.

Our standard of review of a circuit court probate division decision is governed by statute: "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (2019). Accordingly, "we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law." <u>Hodges v. Johnson</u>, 170 N.H. 470, 480 (2017).

RSA 561:1, II(a) provides that when a decedent dies intestate and has no surviving spouse, the entire estate passes to the decedent's "issue . . . equally if they are all of the same degree of kinship to the decedent." Here, there is no dispute that the appellant and his sister are the decedent's surviving issue and that they have the same degree of kinship to the decedent.

On appeal, however, the appellant argues that the entire estate should be distributed to him because he is in need and his sister is not. He cites no authority for this proposition, and we are aware of none. As the appealing party, the appellant has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the appellant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that he has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**