**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0004, <u>Granite Green Investment Partners, LLC v. City of Nashua</u>, the court on October 28, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Granite Green Investment Partners, LLC, appeals the order of the Superior Court (<u>Temple</u>, J.) denying its request for relief under the Right-to-Know Law, RSA chapter 91-A (2013 & Supp. 2018), arguing that the defendant, City of Nashua, failed to adequately respond to its requests for documents and records.

The adequacy of the defendant's search for documents is judged by the standard of reasonableness. <u>ATV Watch v. N.H. Dep't of Transp.</u>, 161 N.H. 746, 753 (2011). Following a two-day trial, during which fifteen witnesses testified, and a review of voluminous exhibits, the trial court found that the defendant's searches were reasonably calculated to uncover all reasonably described and relevant documents. The court found that the plaintiff's lawsuit was not necessary to make public records available, and that its Right-to-Know Law requests were motivated by its displeasure with an adverse land use decision by the city.

On appeal, the plaintiff argues that the defendant violated the Right-To-Know Law by: (1) delaying disclosure of text messages and other records that were immediately available; (2) failing to respond to certain Right-To-Know Law requests; and (3) improperly redacting certain documents prior to disclosure. The plaintiff also argues that the defendant's email and text message retention policies violate the Right-to-Know Law, that there was no evidence that it acted with an improper motive, and that it was entitled to recover its attorney's fees.

As the appealing party, the plaintiff has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the defendant's challenges to it, the relevant

law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Bassett, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**