# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0524, <u>Eric H. Jostrom, Trustee v. Thomas P. Cochran & a.</u>, the court on May 17, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendants, Thomas P. Cochran, Diane J. Cochran, Benjamin Orcutt, Jennifer A. Orcutt, Alexander Milley, and Linda E. Milley, appeal an order of the Superior Court (<u>St. Hilaire</u>, J.), following a bench trial and a view of the property, declaring that any right of way they had over a portion of land referred to as the "Lombard Passway" had been extinguished by adverse possession, and quieting title over that land to the plaintiff, Eric H. Jostrom, Trustee of the Lisa L. Lombard Irrevocable Trust of 2014. We affirm.

"To acquire title to real property by adverse possession, the possessor must show twenty years of adverse, continuous, exclusive and uninterrupted use of the land claimed so as to give notice to the owner that an adverse claim is being made." <u>O'Malley v. Little</u>, 170 N.H. 272, 276 (2017) (quotation omitted). The adverse possessor must prove these elements by a balance of probabilities. <u>Id</u>. "A use of land is adverse when made under a claim of right where no right exists." <u>Id</u>. at 278 (quotation omitted). "To establish a <u>prima facie</u> case of adverse use, the [plaintiff] must first produce evidence of acts of such a character that they create an inference of non-permissive use." <u>Id</u>. (quotation omitted). "Once the [plaintiff] satisfies this initial burden, the burden shifts to the [defendant] to produce evidence that the [plaintiff's] use of the [disputed area] was permitted." <u>Id</u>. (quotation omitted). "The burden of persuasion remains at all times on the [plaintiff]." <u>Id</u>. (quotation omitted). Whether a use of property is adverse or permissive in nature is a question of fact for the trial court. <u>Id</u>.

When reviewing a trial court's decision rendered after a trial on the merits, we will uphold the trial court's factual findings and rulings unless they lack evidentiary support or are legally erroneous. <u>Loon Valley Homeowner's Ass'n v. Pollock</u>, 171 N.H. 75, 78 (2018). We do not decide whether we would have ruled differently than the trial court, but, rather, whether a reasonable person could have reached the same decision based upon the same evidence. <u>Id</u>. We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given the evidence. <u>Id</u>. It is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented. <u>Id</u>.

The factual findings of the trial court are particularly "within its sound discretion . . . when," as in this case, "a view has been taken." Sleeper v. Hoban Family P'ship, 157 N.H. 530, 537 (2008) (quotations omitted). Conversely, we review the trial court's application of the law to the facts de novo. Loon, 171 N.H. at 78.

On appeal, the defendants argue that "[t]here is no evidence of adverse, continuous, uninterrupted use" of the Lombard Passway "in a manner giving notice to the defendants that an adverse claim was being made." To the contrary, the evidence before the trial court was conflicting, and it was for the trial court to resolve those conflicts. See id. As the appealing parties, the defendants have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the defendants' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendants have not demonstrated reversible error. See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2