**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2024-0235, <u>Thomas Quarles & a. v. Town of Brookline & a.</u>, the court on April 16, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(3). The plaintiffs, Thomas Quarles and Karen Simms, appeal an order of the Superior Court (<u>Temple</u>, J.) affirming the approval of a site plan application submitted by the intervenor, Jay Chrystal, to the Planning Board of the Town of Brookline (the Board). We affirm.

The record reflects the following facts. The intervenor applied for site plan approval to construct a Housing for Older Persons (HOP) development on a parcel of land in Brookline (the property). The plaintiffs are abutters to the property and participated in the Board's public hearings. The Board conditionally approved the intervenor's application.

Prior to approving the application, the Board requested the intervenor to provide a "traffic study that will take safety concerns into account, not just traffic numbers." The intervenor submitted to the Board a study which concluded that there would be negligible increases in prevailing traffic operations in the area as a result of the HOP development and that the existing roadway could safely and efficiently accommodate the proposed HOP development. Plaintiff Quarles also asked why, given the large amount of material that would need to be removed from the property to complete the project, the project was proceeding without an excavation permit. The Board approved the intervenor's application, and did not require the intervenor to obtain an excavation permit before granting his application.

The plaintiffs appealed the Board's decision to the trial court. The plaintiffs argued that the Board's decision should be reversed because the Board failed to require the intervenor to obtain an excavation permit and because the traffic study submitted by the intervenor was insufficient. The plaintiffs further argued that the Board erred in granting the application because the proposed driveway did not comply with local ordinances. Finally, the plaintiffs argued that the proposed development did not comply with several of the Town of Brookline's ordinance provisions regarding HOP developments and that the application did not comply with the Town of Brookline's site plan regulations.

The trial court concluded that an excavation permit was not required and that the Board did not err when it found the traffic study submitted by the intervenor was sufficient. The court further concluded that the local ordinances regarding the location of the proposed driveway were preempted by state law. The trial court found the plaintiffs' remaining arguments to be without merit and affirmed the Board's decision. The plaintiffs filed a motion for reconsideration. The trial court denied the motion. This appeal followed.

The trial court's review of a planning board's decision is governed by RSA 677:15 (2016), which provides that the trial court "may reverse or affirm, wholly or partly, or may modify the decision brought up for review when there is an error of law or when the court is persuaded by the balance of probabilities, on the evidence before it, that [the board's] decision is unreasonable." RSA 677:15, V. Thus, the trial court's review is limited. Trustees of Dartmouth Coll. v. Town of Hanover, 171 N.H. 497, 504 (2018). The trial court must treat the factual findings of the planning board as prima facie lawful and reasonable and cannot set aside its decision absent unreasonableness or an identified error of law. Id. The appealing party bears the burden of persuading the trial court that, by the balance of probabilities, the board's decision was unreasonable. Id. The trial court determines not whether it agrees with the planning board's findings, but whether there is evidence upon which its findings could have reasonably been based. Id.

Our review is similarly limited. Id. We will reverse a trial court's decision on appeal only if it is not supported by the evidence or is legally erroneous. Id. We review the trial court's decision to determine whether a reasonable person could have reached the same decision as the trial court based upon the evidence before it. Id.

On appeal, the plaintiffs argue that the trial court erred when it failed to reverse the Board's approval of the site plan application because: (1) the Board did not require the intervenor to obtain an excavation permit before granting the application; (2) the Board did not receive a sufficient traffic study from the intervenor prior to granting the application; (3) the Board granted the application despite the intervenor's proposed driveway not complying with Town of Brookline ordinances; (4) the Board did not find that the intervenor's site plan complied with all of the provisions of the Town of Brookline's HOP ordinance and the site plan did not comply with all of the provisions of the HOP ordinance; and (5) the Board granted the application when it did not comply with the Town of Brookline's site plan regulations. The defendants counter that the plaintiffs' arguments that the Board erred in failing to require an excavation permit, in approving the site plan despite the noncompliant driveway, and in approving the site plan when the intervenor's application did not comply with the Town of Brookline's site plan regulations, are not preserved.

2

We assume, without deciding, that all of the plaintiffs' arguments are preserved. As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error, and we affirm the trial court's decision. See id.; Sup. Ct. R. 25(8).

Affirmed.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**